THE STATE, EX REL. COOK, *v.* ZIMPHER, ET AL.

(No. 47205—Decided September 19, 1983.)

Mr. Arnold S. Levin, for relator.
Mr. Anthony J. Celebrezze, Jr., attorney general, and Mr. Gerald H. Waterman, for respondents.

MARKUS, P.J. Relator seeks mandamus directing the Industrial Commission to compensate him for the loss of his right leg in an employment accident. Relator and respondents have filed seven motions, three of which address the issue of proper venue of a mandamus action against the Industrial Commission. We conclude that proper venue for this action lies exclusively in Franklin County. Therefore, we transfer this case to the Tenth District Court of Appeals, pursuant to Civ. R. 3(C)(1). That disposition resolves those three motions. The remaining motions are left unresolved, for con-

sideration by the Franklin County Court of Appeals.

Venue for this case is governed by Civ. R. 3(B), which states in part:

"* * * Proper venue lies in any one or more of the following counties:

"* * *

"(3) A county in which the defendant conducted activity which gave rise to the claim for relief;

"(4) A county in which a public officer maintains his principal office if suit is brought against him in his official capacity;

"* * *

"(6) The county in which all or a part of the claim for relief arose; * * *"

Venue is proper in any of the counties designated in Civ. R. 3(B) without any preference or priority. *Morrison* v. *Steiner* (1972), 32 Ohio St. 2d 86 [61 O.O.2d 335]; *Varketta* v. *General Motors Corp.* (1973), 34 Ohio App. 2d 1 [63 O.O.2d 8]. All parties agree that Franklin County is an appropriate forum, since the respondents Industrial Commission members maintain their principal offices there. R.C. 4121.07; Civ. R. 3(B)(4).

However, relator asserts that venue is also proper in Cuyahoga County as the place (a) where respondents "* * * conducted activity which gave rise to the claim * * *," or (b) where "* * * all or a part of the claim * * * arose; * * *" Civ. R. 3(B)(3) and (6). If these terms remained undefined by governing precedent, we might be inclined to agree.

For actions against the Industrial Commission, we are guided by the Supreme Court's interpretation of similar language in former R.C. 2307.35. That statute was repealed and replaced by Civ. R. 3(B) in 1971. It provided, in part:

"Actions for the following causes must be brought in the county where the cause of action or part thereof arose:

"* * *

"(B) Against a public officer, for an act done by him in virtue or under color of his office, or for neglect of his official duty."

The Supreme Court interpreted that language in *State, ex rel. Hawley,* v. *Indus. Comm.* (1940), 137 Ohio St. 332, at 335-337 [18 O.O. 519]:

"In considering the term 'cause of action' in its application to the litigation in hand, a distinction must be made between the claim of the relator for compensation and the facts which give rise to the case at bar. The right which the relator claims, and here asserts, is to have his compensation claim heard and allowed by the commission. The wrong which he claims in his petition to have suffered is the refusal of the commission to act on his claim. The relief sought is that the commission be required by the writ of mandamus to act upon and allow his claim. His alleged right, his claimed wrong, and the relief which he demands — the elements of his alleged cause of action which makes necessary the action itself — are all centered in the commission and its failure or refusal to act in its official capacity. Furthermore, a cause of action 'arises' at the place where the facts creating the necessity for bringing the action occur. [Citations omitted.]

"* * *

"This court holds that the relator's alleged cause of action against the Industrial Commission did not arise in Summit county [where the injury and initial administrative proceedings occurred], and that the Court of Appeals of that county correctly decided that it did not have jurisdiction of the action."

See, also, *Meeker* v. *Scudder* (1923), 108 Ohio St. 423.

Applying that reasoning, we conclude that the present action does not assert a claim for which venue is proper in this county. Consequently, we follow the dictates of Civ. R. 3(C)(1) by transferring this case to the Franklin County Court of Appeals. We note that at least one other appellate court has reached the same conclusion. *State, ex rel. Booth,* v. *Indus. Comm.* (Dec. 13, 1982), Tuscarawas App. No. CA-1691, unreported.

This cause is transferred to the Tenth

District Court of Appeals (Franklin County) for further proceedings.

*Judgment accordingly.*

PATTON, C.J., and ANN MCMANAMON, J., concur.