OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Felty, Appellee, v. AT&T Technologies, Inc. et al., Appellants.

[Cite as Felty v. AT&T Technologies, Inc. (1992),    Ohio St.3d    .]

Workers' compensation -- Decision by Industrial Commission not to suspend an employee's claim under R.C. 4123.53 and Ohio Adm.Code 4123-3-12 is not appealable to the court of common pleas -- Decisions appealable under R.C. 4123.519.

1. Only decisions reaching an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable under R.C. 4123.519.

2. Once the right of participation for a specific condition is determined by the Industrial Commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable pursuant to R.C. 4123.519. (Afrates v. Lorain [1992], 63 Ohio St.3d 22, 584 N.E.2d 1175, followed.)

(No. 91-1710 -- Submitted September 22, 1992 -- Decided December 16, 1992.)

Appeal from the Court of Appeals for Franklin County, Nos. 90AP-1294 and 90AP-1341.

This case focuses on whether an Industrial Commission decision to deny an employer's request to suspend an employee from participation in the workers' compensation system is appealable to the common pleas court.

Appellee, Pearl Felty, an employee of appellant AT&T Technologies ("AT&T"), suffered a work-related injury in January 1976. The Industrial Commission ("commission") recognized Felty's workers' compensation claim and AT&T, a self-insured employer, paid compensation and related benefits. Immediately after the injury, for a period of approximately one year, Felty was treated by Dr. Alan Longert.

In September 1985, some years after she stopped seeing Longert, Felty filed a request with the Bureau of Workers' Compensation to change her treating physician to Dr. Walter Hauser. AT&T wrote to Hauser to notify him that it accepted the change and asked that he send to AT&T a report of his

medical findings and a proposed course of treatment.  AT&T sent a copy of the letter to Felty's attorney, Stanley R. Jurus. Jurus wrote back to AT&T to ask that the company "not correspond" with Hauser.  Felty wrote to the commission and expressly revoked all prior medical releases she had executed. When AT&T wrote to Jurus to ask that Felty sign a new medical release, Jurus refused.

AT&T responded by filing a motion with the commission to "indefinitely suspen[d]" Felty's participation in the workers' compensation system "pursuant to 4121-3-12, Industrial Commission Rules and Section 4123.53, Rev. Code pending the claimant's willingness to abide by" the requirements now found in Ohio Adm.Code 4123-19-03(L)(4).  The district hearing officer suspended Felty's claim and the regional board of review affirmed.

Felty appealed the regional board's decision to the commission.  The commission vacated the regional board's order and denied AT&T's motion requesting suspension of Felty's claim.  In doing so, the commission cited this court's decision in State ex rel. Holman v. Dayton Press, Inc. (1984), 11 Ohio St.3d 66, 11 OBR 256, 463 N.E.2d 1243.

AT&T then filed a notice of appeal to the Franklin County Court of Common Pleas pursuant to R.C. 4123.519.  Felty filed a motion to dismiss AT&T's appeal; she argued that the court did not have subject matter jurisdiction because the commission's decision was not appealable under R.C. 4123.519.  The court denied Felty's motion and granted summary judgment in favor of AT&T.  The court ruled that the commission's reliance on the Holman case was erroneous and ordered the commission to suspend Felty's claim.

The court of appeals reversed.  It held that the commission's decision was not appealable pursuant to R.C. 4123.519.  The court wrote that once a claim is allowed, the question of whether a claim should be suspended until a claimant complies does not go to the employee's right to participate.  The cause was remanded to the trial court to be dismissed.

The cause is now before this court upon the allowance of motions to certify the record.

Michael J. Muldoon, for appellee Pearl Felty.
Porter, Wright, Morris & Arthur and Charles J. Kurtz III, for appellant AT&T Technologies, Inc.
Lee I. Fisher, Attorney General, Gerald H. Waterman and Cordelia A. Glenn, Assistant Attorneys General, for appellant Administrator, Bureau of Workers' Compensation.

Wright, J.    This appeal concerns the question of which Industrial Commission decisions may be appealed to the courts of common pleas.  R.C. 4123.519(A) provides that a claimant or an employer "may appeal a decision of the industrial commission or of its staff hearing officer * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas * * *."  We have interpreted this provision narrowly to mean that "[t]he only decisions reviewable pursuant to R.C. 4123.519 are those decisions involving a claimant's right to participate or to

continue to participate in the [State Insurance] [F]und."
Afrates v. Lorain (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175,
paragraph one of the syllabus.

The issue in this case is whether a decision by the
commission not to suspend an employee's claim under R.C.
4123.53 and Ohio Adm.Code 4123-3-12 is appealable to the court
of common pleas.  We hold that it is not.

I

This is another in a line of cases in which this court has
struggled to explain litigants' right to judicial review of
decisions by the Industrial Commission.  Since 1955, when R.C.
4123.519 was enacted by the General Assembly, this court has
decided dozens of cases directly involving R.C. 4123.519.
Recently three of these cases have been overrruled in
well-intentioned attempts to settle the law.  See State ex rel.
Evans v. Indus. Comm. (1992), 64 Ohio St.3d 236, 594 N.E.2d 609
(overruling Gilbert v. Midland-Ross Corp. [1981], 67 Ohio St.2d
267, 21 O.O.3d 168, 423 N.E.2d 847); Afrates v. Lorain, supra
(overruling State ex rel. O.M. Scott & Sons Co. v. Indus. Comm.
[1986], 28 Ohio St.3d 341, 28 OBR 406, 503 N.E.2d 1032, and
Seabloom Roofing & Sheet Metal Co. v. Mayfield [1988], 35 Ohio
St.3d 108, 519 N.E.2d 358).  Regrettably, even these attempts
have failed to provide the workers' compensation bar with the
clear direction it must have to effectively and efficiently
conduct its practice.[1]  Hence, we attempt to clarify our recent
decisions in light of the present controversy.

II

Litigants may seek judicial review of commission rulings
in three ways: by direct appeal to the courts of common pleas
under R.C. 4123.519,[2] by filing a mandamus petition in this
court or in the Franklin County Court of Appeals,[3] or by an
action for declaratory judgment pursuant to R.C. Chapter
2721.[4]  Which procedural mechanism a litigant may choose
depends entirely on the nature of the decision issued by the
commission.  Each of the three avenues for review is strictly
limited; if the litigant seeking judicial review does not make
the proper choice, the reviewing court will not have subject
matter jurisdiction and the case must be dismissed.

The most limited form of judicial review of commission
decisions is by direct appeal to the common pleas court.
Because the workers' compensation system was designed to give
employees an exclusive statutory remedy for work-related
injuries, "a litigant has no inherent right of appeal in this
area * * *."  Cadle v. Gen. Motors Corp. (1976), 45 Ohio St.2d
28, 33, 74 O.O.2d 50, 52, 340 N.E.2d 403, 406.  Therefore, a
party's right to appeal workers' compensation decisions to the
courts is conferred solely by statute.  Id.

R.C. 4123.519 states that only two parties, claimants and
employers, may appeal decisions of the commission.  These two
parties may appeal a decision rendered in "any injury or
occupational disease case, other than a decision as to the
extent of disability * * *."  R.C. 4123.519(A).  Read
literally, the statute leads to the overbroad rule pronounced
in O.M. Scott & Sons Co.:  "any order of the commission may be
appealed to the court of common pleas by either party unless
the order pertains to the extent of disability."  Id., 28 Ohio
St.3d at 343, 28 OBR at 408, 503 N.E.2d at 1034 (overruled by

Afrates, supra).  This rule, however, improperly expanded the limited role the courts are to have in the workers' compensation system.  This was in large part because the role of the commission and the system itself became far more complex than the drafters of R.C. 4123.519 could have foreseen.  "Clear though [R.C. 4123.519] may have seemed to the drafters thereof, the myriad complications of industrial injury, and legislative and administrative efforts to justly cope therewith" led litigants from the commission to the courts "to resolve ensuing conflicts and uncertainties."  State ex rel. Campbell v. Indus. Comm. (1971), 28 Ohio St.2d 154, 155, 57 O.O.2d 397, 397-398, 277 N.E.2d 219, 220.

The courts simply cannot review all the decisions of the commission if the commission is to be an effective and independent agency.  Unless a narrow reading of R.C. 4123.519 is adhered to, almost every decision of the commission, major or minor, could eventually find its way to the common pleas court.  Thus, a long line of cases, with only a few deviations along the way,[5] led to the formulation of this now-settled precept: The only decisions of the commission that may be appealed to the courts of common pleas under R.C. 4123.519 are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund.  Afrates, supra, paragraph one of the syllabus; Zavatsky v. Stringer (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693, paragraph one of the syllabus.  This narrow rule is consistent with the goal of creating a workers' compensation system that operates largely outside the courts. See Nackley, Ohio Workers' Compensation Claims (1991) 162-163 ("[p]ublic policy" favors this interpretation because otherwise "common pleas courts could be burdened with de novo review--if not full-blown jury trials--on every ministerial order in every claim").

Notwithstanding the seemingly clear rule of Afrates and Zavatsky, questions persisted concerning the types of decisions that are appealable.  The difficulty was the precise meaning of the term "right to participate."  See Harris, Ohio Supreme Court Opinions, 7 Workers' Comp.J. of Ohio (Mar./Apr.1992) 33 ("there remains a great deal of confusion surrounding the language 'claimant's right to participate, or to continue to participate'").  The meaning of this term was specifically addressed in State ex rel. Evans v. Indus. Comm., supra.

In Evans, an employee aggravated an existing work-related injury in a second accident not related to work.  The commission granted temporary total disability compensation for the period leading up to the second accident, but denied compensation for medical bills incurred after the second accident.  The employee filed a complaint in mandamus in the court of appeals to challenge the commission's decision and the court of appeals granted a writ.  This court reversed.  We held that because the order of the commission "permanently foreclose[d] Evans from receiving any further benefits under the claim he filed," the order was appealable under R.C. 4123.519; the extraordinary remedy of mandamus was not available because Evans had a remedy at law.  Evans, 64 Ohio St.3d at 240-241, 594 N.E.2d at 612.  The rule we followed was stated in paragraph one of the syllabus: "An Industrial

Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim."  Thus, the commission's decision to deny Evans the right to participate after a certain date because of an intervening accident was a final appealable decision on the employee's claim. Id. at 241, 594 N.E.2d at 612.

The rule articulated in Evans requires further clarification.  The confusion involves the meaning of the word "claim" in the above-quoted syllabus of Evans.  A "claim" in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease.  A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's "claim."  The only action by the commission that is appealable under R.C. 4123.519 is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system.

Thus, an order allowing a claim for one injury but denying a claim for two other injuries arising out of the same accident is appealable.  Zavatsky, supra.  A ruling that the claimant did not sustain any disability as a result of a work-related accident is also appealable.  Keels v. Chapin & Chapin, Inc. (1966), 5 Ohio St.2d 112, 34 O.O.2d 249, 214 N.E.2d 428.  And a decision by the commission that a claimant's right to participate is not barred by the limitations period prescribed by R.C. 4123.52 is appealable.  State ex rel. Consolidation Coal Co. v. Indus. Comm. (1985), 18 Ohio St.3d 281, 18 OBR 333, 480 N.E.2d 807.  These cases illustrate the rule that an appeal to the common pleas court is limited to one decision: whether an employee is or is not entitled to be compensated for a particular claim.

In contrast, requests by a litigant for additional activity in a case, for temporary suspension of a claim, or for one of the myriad interlocutory orders the commission may issue in administering a case are not "claims."  For example, a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition is not appealable because it goes to the extent of the injury--there is no new claim.  State ex rel. Roope v. Indus. Comm. (1982), 2 Ohio St.3d 97, 2 OBR 649, 443 N.E.2d 157 (mandamus held to be the proper remedy).  An order determining the employer's right to offset disability payments against future compensation is not appealable.  State ex rel. McGinnis v. Indus. Comm. (1991), 58 Ohio St.3d 81, 568 N.E.2d 665 (mandamus held to be the proper remedy).  Nor is a claimant's request that permanent partial disability and permanent total disability be paid concurrently appealable under R.C. 4123.519.  State ex rel. Murray v. Indus. Comm. (1992), 63 Ohio St.3d 473, 588 N.E.2d 855 (mandamus held to be the proper remedy).

An example highlights the distinction between appealable and non-appealable decisions.  An employee is involved in an accident at work and injures her legs.  She is totally disabled and files an application for benefits.  A decision by the commission allowing or disallowing her claim is clearly

appealable under R.C. 4123.519. See Zavatsky, supra; Keels, supra. Later, the employee develops severe depression as a result of her injury. Again she applies for benefits, this time to cover her treatment for depression. A decision by the commission to allow or disallow this condition is also appealable under R.C. 4123.519 for the reason that the development of such a secondary condition would present a new "claim" by the employee to participate in the fund. See Weisenburger v. Central Foundry Div., Gen. Motors Corp. (1979), 60 Ohio St.2d 178, 14 O.O.3d 412, 398 N.E.2d 568; Davis v. Connor (1983), 13 Ohio App.3d 174, 13 OBR 209, 468 N.E.2d 774. The employer then attempts to offset its payments of total disability compensation against the employee's disability pension. The employee files a motion with the Bureau of Workers' Compensation to prevent the employer from doing this. This is not a "claim." The decision to grant the employee's motion and deny the employer's right to offset is not appealable to the common pleas court because it does not go to the employee's right to participate in the fund. See Miraglia v. B.F. Goodrich Co. (1980), 61 Ohio St.2d 128, 15 O.O.3d 163, 399 N.E.2d 1234.

As this example demonstrates, only those decisions that finalize the allowance or disallowance of a claim -- in the sense of a claim for a specific injury or occupational disease--are appealable. Once the right of participation for a specific condition is determined by the commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable pursuant to R.C. 4123.519.

                                III

This case does not involve a decision by the commission on Pearl Felty's right to participate in the workers' compensation system. The commission decision that spawned this appeal was the denial of AT&T's November 20, 1985 motion to "indefinitely suspen[d]" Felty's claim because she refused to allow AT&T access to her medical records. AT&T did not ask the commission to terminate Felty's nine-year participation in the system. The decision by the commission was merely a response to AT&T's request for action on the case; it was not a ruling on Felty's right to participate. A decision not to suspend a claim is not the same as a decision to grant or deny a claim. State ex rel. Anderson v. Dept. of State Personnel (1979), 60 Ohio St.2d 106, 108, 14 O.O.3d 339, 340, 397 N.E.2d 1199, 1201.

Our judgment in this case is guided by our recent decision in Afrates, supra. In Afrates, the administrator provisionally allowed the employee's claim, stating that any objection must be made within ten days of receipt of the order. The employer did not object within ten days, but argued that it had not received statutorily required notice of the administrator's order. The commission ruled that the employer had not received notice and granted the employer leave to file an objection. We held that an appeal from this decision was improper because the commission's ruling "was in no way one which finalized the allowance (or disallowance) of Afrates's claim." 63 Ohio St.3d at 27, 584 N.E.2d at 1179.

In this case, as in Afrates, the commission's decision did not concern the allowance or diallowance of the employee's claim. The case can be resolved through the use of a simple

syllogism:  Only decisions reaching an employee's right to participate in the system because of a specific injury or occupational disease are appealable under R.C. 4123.519.  The Industrial Commission's decision not to suspend employee Felty's claim does not reach Felty's right to participate in the fund.  Therefore the commission's decision is not appealable.

IV

The judgment of the court of appeals that the trial court lacked subject matter jurisdiction is affirmed.  We express no opinion on the merits of the commission's decision not to suspend Felty's claim.  The cause is remanded to the Franklin County Court of Common Pleas to be dismissed.

Judgment affirmed<br>and cause remanded.

Moyer, C.J., Sweeney, Holmes and H. Brown, JJ., concur.

Douglas and Resnick, JJ., concur in the syllabus and judgment only.

FOOTNOTES:

1  See State ex rel. Evans v. Indus. Comm. (1992), 64 Ohio St.3d 236, 241, 594 N.E.2d 609, 613 (Resnick, J., dissenting) (stating that the majority opinion "further confuse[s] this area of the law"); Harris, Ohio Supreme Court Opinions, 7 Workers' Comp. J. of Ohio (Mar./Apr. 1992) 33 (stating that "a great deal of confusion" remained after the Afrates decision). All three attorneys who participated in oral arguments in this case (each representing one of the three interested parties in a workers' compensation case: claimants, employers, and the Administrator) told the court of continuing uncertainty on this issue.

2  See State ex rel. Consolidation Coal Co. v. Indus. Comm. (1985), 18 Ohio St.3d 281, 18 OBR 333, 480 N.E.2d 807.

3  See State ex rel. Stafford v. Indus. Comm. (1989), 47 Ohio St.3d 76, 547 N.E.2d 1171; State ex rel. Eaton Corp. v. Lancaster (1988), 40 Ohio St.3d 404, 534 N.E.2d 46; State ex rel. Cook v. Zimpher (1983), 11 Ohio App.3d 187, 11 OBR 281, 463 N.E.2d 1274 (proper venue for mandamus action against commission lies exclusively in Franklin County).

4  See State ex rel. Marks v. Indus. Comm. (1992), 63 Ohio St.3d 184, 586 N.E.2d 109.

5  See, e.g., State ex rel. O.M. Scott & Sons Co. v. Indus. Comm. (1986), 28 Ohio St.3d 341, 28 OBR 406, 503 N.E.2d 1032; Seabloom Roofing & Sheet Metal Co. v. Mayfield (1988), 35 Ohio St.3d 108, 519 N.E.2d 358.