**BISSELL, Appellant,**

v.

**AKRON GENERAL MEDICAL CENTER, Appellee, et al.**

[Cite as *Bissell v. Akron Gen. Med. Ctr.* (1996), 114 Ohio App.3d 258.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 1776.

Decided Sept. 25, 1996.

*Christopher Cherpas,* for appellant.

*Julie M. Larson,* for appellee.

REECE, Judge.

Appellant Yvonne Bissell appeals the decision of the trial court denying her "Motion to Allow Notice of Appeal."

I

On November 1, 1992, Yvonne Bissell was injured in the course of her employment with appellee Akron General Medical Center ("AGMC"). AGMC certified Bissell's workers' compensation claim for the medical conditions of "contusion right knee and contusion left ankle." Bissell received payment of medical and disability benefits based upon those conditions.

On November 3, 1993, AGMC moved the Industrial Commission of Ohio to terminate Bissell's temporary total disability benefits. The district hearing officer denied the motion. AGMC appealed. The staff hearing officer granted the motion on April 19, 1994 and denied Bissell's temporary total disability benefits from November 3, 1993 forward because the benefits were certified based on conditions (plantar fascitis, left foot and reflex dystrophy syndrome, left foot) that had not been allowed in the original claim. Bissell filed an appeal that was denied by the Industrial Commission in an order dated April 25, 1994. On July 8, 1994, Bissell filed a notice of appeal with the Summit County Court of Common Pleas.

Bissell moved the commission on January 19, 1995 for an additional allowance for "plantar fascitis, left foot and Achilles tendinitis, left foot." The commission denied Bissell's request. The commission issued a final order denying further appeal on November 16, 1995.

On November 28, 1995, Bissell filed a "Motion to Allow Notice of Appeal" with the Summit County Court of Common Pleas. The trial court denied the motion on February 28, 1996. This appeal followed.

II

Bissell assigns the following errors:

"1. The trial court erred in not accepting the Motion to Allow a Notice of Appeal on a question that was already pending in that trial court contrary to Civil Rule 42(A).

"2. The trial court erred in allowing a reply contrary to the local court rules for the courts of Summit County, Ohio being Rule 7.14 and not declaring a waiver or default judgment.

"3. The trial court erred, if it did rule, that the claimant did not have a cause of action under ORC § 4123.512 for the appeal filed July 5, 1994."

For the ease of discussion, we will consider the assignments of error beginning with the third and concluding with the second.

A

In her third assignment of error, Bissell argues that the trial court erred in ruling that she had no cause of action for the notice of appeal she filed in the court of common pleas on July 5, 1994. She contends that this notice of appeal does pertain to her right to participate in the Workers' Compensation Fund and therefore, under R.C. 4123.512, the trial court has jurisdiction over the appeal. We disagree.

The trial court appropriately determined that it lacked subject matter jurisdiction to consider Bissell's July 1994 appeal because the commission orders Bissell appealed did not constitute final determinations of her entitlement to benefits. The jurisdiction of common pleas courts over appeals from commission decisions is defined by R.C. 4123.512(A).

R.C. 4123.512(A) provides:

"The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state, or in which the contract of employment was made if the exposure occurred outside the state."

The Supreme Court of Ohio has interpreted this provision (formerly R.C. 4123.519[A] ) narrowly, determining that only those decisions involving a claimant's right to participate or to continue to participate in the Workers' Compensation Fund are appealable to the court of common pleas. *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 236, 602 N.E.2d 1141, 1143. Despite the numerous cases decided on this issue, confusion remained involving the right to judicial review of commission decisions. The Supreme Court, in explaining litigants' rights, clarified the issue in *Felty, supra:*

"The most limited form of judicial review of commission decisions is by direct appeal to the common pleas court. Because the workers' compensation system was designed to give employees an exclusive statutory remedy for work-related injuries, 'a litigant has no inherent right of appeal in this area * * *.' Therefore, a party's right to appeal workers' compensation decisions to the courts is conferred solely by statute.

" * * *

"The courts simply cannot review all the decisions of the commission if the commission is to be an effective and independent agency. Unless a narrow reading of R.C. [4123.512] is adhered to, almost every decision of the commission, major or minor, could eventually find its way to the common pleas court. Thus, a long line of cases, with only a few deviations along the way, led to the formulation of this now-settled precept: The *only* decisions of the commission that may be appealed to the courts of common pleas under R.C. [4123.512] are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund. * * *

"Notwithstanding the seemingly clear rule * * * questions persisted concerning the types of decisions that are appealable. The difficulty was the precise meaning of the term "right to participate." The meaning of this term was specifically addressed in *State ex rel. Evans v. Indus. Comm.* [ (1992), 64 Ohio St.3d 236, 594 N.E.2d 609].

" * * * The rule we followed was stated in paragraph one of the syllabus: 'An Industrial Commission decision does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim.' " *Felty*, 65 Ohio St.3d at 237–239, 602 N.E.2d at 1145.

██ Nevertheless, the rule stated in *Evans, supra,* has required further clarification. Confusion persists as to the meaning of the word "claim" in relation to the question of appellate jurisdiction. "A 'claim' in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease." *Felty*, 65 Ohio St.3d at 239, 602 N.E.2d at 1145. Only the essential decision to grant, deny, or terminate the employee's participation or continued participation in the system is appealable under R.C. 4123.512. *Id.* An appeal to the court of common pleas is limited to the decision regarding whether an employee is or is not entitled to compensation for a particular claim. Decisions concerning the extent of an injury are *not* appealable. *Id.* at 239–240, 602 N.E.2d at 1145–1146.

██ As the trial court pointed out, when Bissell filed her notice of appeal with the common pleas court in 1994, the commission orders she appealed did not terminate her right to participate in workers' compensation benefits. Bissell received medical and disability benefits based upon her workers' compensation claim for the medical conditions of "contusion right knee and contusion left ankle." The orders Bissell appealed in her 1994 notice of appeal denied temporary total disability benefits for the period of November 3, 1993 forward because the benefits Bissell claimed for that period involved medical conditions (plantar

fascitis, left foot and reflex dystrophy syndrome, left foot) not allowed in her claim. As such, the orders Bissell appealed dealt with the extent of her disability, rather than her right to participate in the Workers' Compensation Fund. Therefore the trial court correctly ruled that it lacked subject matter jurisdiction to consider Bissell's 1994 notice of appeal.

Accordingly, Bissell's third assignment of error is overruled.

## B

In her first assignment of error, Bissell challenges the trial court's rejection of her motion to allow notice of appeal filed November 28, 1995. She argues that this motion should be consolidated with her 1994 notice of appeal. Based upon our conclusion regarding Bissell's third assignment of error, we must reject this argument.

As we stated above, the trial court correctly ruled that it did not have subject matter jurisdiction to consider Bissell's 1994 notice of appeal. In light of that ruling, there exists no case with which to consolidate Bissell's motion.

Even if there were a case in which the motion could be considered, Bissell would still have no cause of action because she failed to file a notice of appeal within the proper time period specified by R.C. 4123.512(A). That section provides that claimant must file a notice of appeal within sixty days of receiving the commission's final order. The commission rendered its final order denying further appeal in this matter on November 16, 1995. In order to preserve an appeal under R.C. 4123.512(A), Bissell needed to file a notice of appeal with the common pleas court within sixty days. She failed to do so. Therefore she waived her right to appeal the final order of the commission.

Bissell's first assignment of error is overruled.

## C

Bissell's second assignment of error charges that the trial court erred in permitting AGMC to file a reply to Bissell's motion to allow notice of appeal after the ten-day reply period required by Summit Loc.R. 7.14 had elapsed. In light of our decision that the trial court had no subject matter jurisdiction to consider Bissell's case, this assignment of error is moot.

Bissell's second assignment of error is overruled.

## III

Appellant Yvonne Bissell's three assignments of error are overruled. The judgment of the court of common pleas, ruling that it lacked subject matter

jurisdiction to consider Bissell's 1994 notice of appeal and denying her motion to allow notice of appeal, is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and SLABY, J., concur.