[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Frank Cervone appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to Dayton Technologies, a.k.a. Stolle Corporation ("Dayton Technologies"), and dismissed Cervone's appeal from a decision of the Industrial Commission ("the commission") for lack of subject matter jurisdiction.
On December 17, 1993, Cervone suffered a shoulder injury while working at Dayton Extruded Plastics, nka, Dayton Technologies. Cervone filed a claim with the Bureau of Workers' Compensation ("the bureau"), and it was allowed. On July 10, 1995, Cervone began to receive temporary total disability benefits ("TTD benefits"). Following the November 8, 1995 determination by an independent medical examiner that Cervone had reached maximum medical improvement ("MMI"), Dayton Technologies filed a motion with the commission to terminate his TTD benefits. On February 2, 1996, a district hearing officer conducted a hearing on the motion and terminated Cervone's TTD benefits retroactively to November 8, 1995. Cervone appealed this order, and a staff hearing officer affirmed it following a hearing. On April 15, 1996, Cervone filed an administrative appeal challenging the staff hearing officer's order. His appeal was refused on May 7, 1996.
On May 29, 1996, Cervone filed a notice of appeal and complaint in the Montgomery County Court of Common Pleas alleging that the bureau and/or the commission had erred as a matter of law in terminating his TTD benefits, in making the termination retroactive, and in finding that he had reached MMI without considering medical reports prepared by his treating physician and another physician. Cervone sought a judgment by the common pleas court that he had not reached MMI and either that he was entitled to continue receiving TTD benefits or that the TTD benefit termination should not be retroactive. The answers filed by the bureau and the commission and by Dayton Technologies raised the defense of lack of subject matter jurisdiction.
On March 24, 1997, Dayton Technologies filed a motion for summary judgment claiming that, pursuant to R.C. 4123.512(A), a ruling by the commission "as to the extent of disability" could not be appealed to a court of common pleas. On April 30, 1997, Cervone filed a memorandum opposing Dayton Technologies' motion for summary judgment and a cross-motion for summary judgment. Therein, Cervone conceded that "the question of whether the Bureau/Commission erred in finding maximum medical improvement in Plaintiff's claim may not be subject to the review of this Court," but he requested the court to grant summary judgment in his favor because the commission had terminated his TTD benefits without considering all the evidence. Cervone argued that the trial court did have subject matter jurisdiction over his challenge to the retroactivity of the TTD benefit termination. Cervone also stated that, in the event that the trial court would find an absence of subject matter jurisdiction, he should be permitted to amend his complaint to add a claim for declaratory judgment. On May 7, 1997, Dayton Technologies responded to Cervone's memorandum asserting that the retroactive application of the TTD benefit termination had been proper.
On August 13, 1997, the trial court sustained Dayton Technologies' March 24, 1997 motion for summary judgment and dismissed Cervone's appeal for lack of subject matter jurisdiction.
Cervone raises three assignments of error on appeal. Because the first two assignments of error raise the same legal issues, we will address them in a single discussion.
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN RULING THAT IT LACKED SUBJECT MATTER JURISDICTION TO RULE ON THE PROPRIETY OF THE BUREAU/INDUSTRIAL COMMISSION'S DECISION FINDING MAXIMUM MEDICAL IMPROVEMENT AND THEREFORE TERMINATING TEMPORARY TOTAL DISABILITY COMPENSATION. II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT RULED THAT IT LACKED JURISDICTION TO CONSIDER THE PROPRIETY OF THE BUREAU/INDUSTRIAL COMMISSION'S DECISION TERMINATING TEMPORARY TOTAL DISABILITY COMPENSATION RETROACTIVELY.
Cervone contends that, because the trial court possessed subject matter jurisdiction over his appeal from the commission's order finding MMI and terminating his TTD benefits retroactively, it should not have granted summary judgment in favor of Dayton Technologies.
R.C. 4123.512 provides, in pertinent part:
 (A) The claimant or the employer may appeal an order of the industrial commission made under division (E) of section 4123.511 [4123.51.1] of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted. (Emphasis added).
In Felty v. AT T Technologies, Inc. (1992), 65 Ohio St.3d 234,237, the supreme court identified the procedural mechanisms for obtaining judicial review over the commission's rulings: (1) a direct appeal to a court of common pleas pursuant to R.C. 4123.512
(then numbered as R.C. 4123.519); (2) a mandamus petition filed in the supreme court or the Franklin County Court of Appeals; or (3) an action for declaratory judgment filed pursuant to Chapter 2721 of the Revised Code. The mechanism appropriate for a particular litigant depends upon the nature of the commission's decision.Id. at 237. "[I]f the litigant seeking judicial review does not make the proper choice, the reviewing court will not have subject matter jurisdiction and the case must be dismissed." Id. at 237.
Direct appeals to the common pleas courts are permitted under limited circumstances:
 The only decisions of the commission that may be appealed to the courts of common pleas under R.C. 4123.519 are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund. This narrow rule is consistent with the goal of creating a workers' compensation system that operates largely outside the courts. (Citations omitted.)
* * *
 The only action by the commission that is appealable under R.C. 4123.519 is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system.
* * *
 [O]nly those decisions that finalize the allowance or disallowance of a claim — in the sense of a claim for a specific injury or occupational disease — are appealable. Once the right of participation for a specific condition is determined by the commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable pursuant to R.C. 4123.519.
Id. at 237-240. In Felty, a direct appeal was an inappropriate remedy for AT T, whose unsuccessful motion had requested the suspension of Felty's participation in the workers' compensation system. Id. at 241. The supreme court concluded that, because AT T had sought the termination of Felty's participation in the system, the commission's ruling was "merely a response to AT T's request for action on the case; it was not a ruling on Felty's right to participate." Id. at 241. The Felty court cited Stateex rel. Roope v. Indus. Comm. (1982), 2 Ohio St.3d 97 for the proposition that a mandamus petition was the proper remedy for challenging "a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition." Felty, 65 Ohio St.3d at 239-240.
In several appeals from decisions of the Franklin County Court of Appeals on mandamus petitions, the supreme court did not disapprove of the use of mandamus petitions for challenging commission rulings on the termination of TTD benefits. See Stateex rel. MTD Products, Inc. v. Indus. Comm. (1996), 76 Ohio St.3d 593;State ex rel. Jones v. Indus. Comm. of Ohio (1996), 76 Ohio St.3d 503;State ex rel. Adams v. Teledyne Ohiocast (1994),71 Ohio St.3d 182; State ex rel. Miller v. Indus. Comm. (1994),71 Ohio St.3d 229; ATT Technologies, Inc. v. Indus. Comm. (1993),68 Ohio St.3d 55. In our opinion, these cases reveal the supreme court's view, although not expressly stated, that challenges to the propriety of commission terminations of TTD benefits should be brought by mandamus petitions.
Both the findings that Cervone had reached MMI and that his TTD benefits were terminable retroactively pertained to the extent of Cervone's disability rather than his right to participate in the workers' compensation system. Because R.C. 4123.512(A) prohibits appeals to the courts of common pleas on the propriety of commission decisions regarding the extent of disability, the common pleas court correctly determined that it lacked subject matter jurisdiction over Cervone's appeal and acted appropriately in granting summary judgment in favor of Dayton Technologies.
The first and second assignments of error are overruled.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT'S REQUEST FOR LEAVE TO AMEND HIS COMPLAINT TO ADD A CLAIM FOR DECLARATORY JUDGMENT.
Cervone contends that the trial court should have granted him leave to file an amended complaint to add a claim for declaratory judgment pursuant to Revised Code Chapter 2721.
Our disposition of Cervone's first and second assignments of error indicates that the appropriate procedure for Cervone was to file a mandamus petition in the supreme court or the Franklin County Court of Appeals. Granting Cervone permission to add a claim for declaratory judgment would have authorized him to employ a procedural mechanism inappropriate for his circumstances. SeeFelty, 65 Ohio St.3d at 237. Thus, the trial court correctly denied Cervone's request to add a claim for declaratory judgment.
The third assignment of error is overruled.
The judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
Joseph R. Matejkovic
George B. Wilkinson
Brian P. Perry
Steven P. Fixler
Hon. David G. Sunderland