[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On October 21, 1994, plaintiff-appellant Mary McGinnis sustained an injury in the course of and arising out of her employment with defendant-appellee Three Rivers Convalescent Center. McGinnis filed an application requesting the right to participate in the workers' compensation fund based on this injury. The Bureau of Workers' Compensation (BWC) subsequently allowed McGinnis's claim for the conditions of sprain of the right shoulder and sprain of the lumbar region. Thereafter, McGinnis received compensation and medical benefits pursuant to this allowed claim.
In August 1997, McGinnis moved to amend her claim to include the additional condition of rotator-cuff tear of the right shoulder. She also requested the payment of temporary total disability benefits. Although McGinnis's motion to amend her claim was allowed, her motion for temporary total disability benefits was denied for the time period between June 20, 1997, and September 20, 1997, based upon the determination of a staff hearing officer of the Industrial Commission that she had voluntarily abandoned her employment on August 23, 1996, due to an unrelated medical condition.
In January 1998, McGinnis filed a second motion for temporary total disability benefits, requesting that compensation be paid for the period of November 13, 1997, and thereafter, based upon the performance of approved surgery for the right-shoulder conditions recognized in her claim. The motion was heard on March 16, 1998, by a district hearing officer who denied the request, noting the "the claimant [had been] found to have voluntarily abandoned her former position of employment on 8/23/1996 by a Staff Hearing Officer order dated 10/27/1997." A staff hearing officer subsequently denied McGinnis's appeal of the decision, and further appeal was denied by the Industrial Commission.
McGinnis then appealed to the Hamilton County Court of Common Pleas. Three Rivers, BWC, and the Industrial Commission responded by filing motions to dismiss the appeal wherein they alleged that, because McGinnis's appeal related to the "extent of her disability" rather than to her "right to participate" in the workers' compensation fund, the common pleas lacked jurisdiction to hear the appeal pursuant to R.C. 4123.512.[1]
On December 14, 1998, the trial court entered its decision and order granting the motions to dismiss. From this judgment, McGinnis appeals, raising one assignment of error. In her sole assignment of error, McGinnis asserts that the trial court erred in dismissing her appeal. We disagree.
R.C. 4123.512(A) provides that a claimant or employer "may appeal a decision of the industrial commission or of its staff hearing officer * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas * * *." The Ohio Supreme Court has interpreted this provision narrowly to mean that "[t]he only decisions reviewable pursuant to R.C. 4123.512 are those decisions involving a claimant's right to participate or to continue to participate in the [F]und."[2] An industrial commission decision does not determine an employee's "right to participate" unless the decision finalizes the allowance or disallowance of the employee's "claim."[3] A "claim" in a worker's compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease.[4]
In State ex rel. Evans v. Industrial Comm. of Ohio,[5]
the Ohio Supreme Court held that "[t]he Industrial Commission's decision to grant or deny additional benefits under an existing claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to R.C. 4123.519." But the court went on to conclude that the commission's actions in denying the claimant both temporary total disability benefits and compensation for medical expenses incurred after a specific date amounted to more than a simple refusal to grant additional benefits. Rather, the court understood the commission's order as permanently foreclosing the claimant from receiving any further benefits under his claim and stated that "[t]his flat prohibition of any future benefits determines the claimant's right to participate in the State Insurance Fund and is subject to appeal pursuant to R.C. 4123.519."
McGinnis contends that the commission has erroneously interpreted its prior decision regarding her application for temporary total disability benefits for the period between June 20, 1997, and September 20, 1997, as constituting a permanent bar to future payments for temporary total disability. Accordingly, she claims that the denial of her subsequent request for temporary total disability benefits determined her right to participate in the fund.
Even if we assume that McGinnis is correct in her assertion that the commission's treatment of its prior decision will effectively foreclose her from receiving any future temporary total disability benefits, this circumstance does not finalize the disallowance of her claim and, therefore, does not involve her right to participate or to continue participating in the fund, because it does not foreclose all future benefits under her claim. Specifically, McGinnis's ability to receive compensation for medical expenses incurred in relation to the claim is not foreclosed by the order. Accordingly, she still "participates" in the fund, and the commission's denial of her subsequent request for benefits involved the extent of her disability.
For these reasons, we conclude that the trial court properly dismissed the appeal for lack of jurisdiction. We, therefore, overrule the sole assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
per order of the Court _______________________________.
_______________________________________________ Presiding Judge
[1] Formerly R.C. 4123.519, amended and renumbered effective October 20, 1993.
[2] Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234,236, 602 N.E.2d 1141, 1143, citing Afrates v. Lorain (1992),63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus.
[3] Felty, supra, at paragraph one of the syllabus.
[4] Felty, supra, 65 Ohio St.3d at 239, 602 N.E.2d 1145.
[5] (1992), 64 Ohio St.3d 236, 594 N.E.2d 609, paragraph two of the syllabus.