DECISION AND JUDGMENT ENTRY
Brooks Beverage Management/Athens Bottling Co. ("Brooks Beverage") appeals the Athens County Court of Common Pleas' dismissal of its appeal for lack of subject matter jurisdiction. Brooks Beverage asserts that the trial court erred because the trial court had subject matter jurisdiction. We disagree because James Bishop's right to participate in the Workers' Compensation System was not at issue. Accordingly, we affirm the judgment of the trial court.
 I.
On June 30, 1980, James Bishop, an employee of Brooks Beverage, was injured while lifting a case of soda pop and turning to place it on a pallet. He went to the emergency room that day where he was diagnosed with a strained right sacroiliac. The next day, Brooks Beverage switched from participating in the state-funded Workers' Compensation System to a self-insured employer. The Bureau of Workers' Compensation mistakenly gave a self-insured claim number to this claim. It remained inactive until July 1981, when Brooks Beverage requested that the Bureau change the claim number to a state-funded one. A claims examiner wrote back to Brooks Beverage indicating that the Bureau would give the claim a new state-funded claim number.
On January 23, 1981, Bishop allegedly suffered a separate injury, a strained sacrum vertebrae. The record contains conflicting evidence as to whether the 1981 injury actually occurred or whether the references to a 1981 injury arose as a result of several reoccurring clerical errors concerning the 1980 injury.
In 1990, Bishop filed a motion to correct the claim number and the date of injury of the 1981 claim. According to the order of the Industrial Commission (the "Commission"), the issue before the Deputy was "whether the activity in this file relates back to the claimant's injury he sustained on 6/20/80 (when the employer was state-funded) or whether there was an intervening injury on 1/23/81 (when the employer was self-insured) which resulted in subsequent medical treatment and lost time." The Deputy determined that the 1981 injury was an intervening injury. The Commission approved and confirmed the Deputy's decision.
Brooks Beverage appealed the Commission's decision pursuant to R.C. 4123.51.2. The common pleas court found that the Commission's decision is not appealable pursuant to R.C. 4123.51.2 because it does not reach Bishop's right to participate in the Workers' Compensation System, and dismissed the appeal.
Brooks Beverage now appeals the common pleas court's dismissal of its appeal, asserting the following assignment of error for our review:
 THE TRIAL COURT ERRED IN FINDING THAT IT LACKED SUBJECT MATTER JURISDICTION TO CONSIDER BROOKS BEVERAGE'S APPEAL UNDER OHIO REV. CODE § 4123.52.1 BECAUSE THE APPEAL CONCERNED BISHOP'S RIGHT TO PARTICIPATE IN THE WORKERS' COMPENSATION FUND FOR THE CONDITION "LUMBOSACRAL SPRAIN WITH SUBLAXATION" SECONDARY TO AN ALLEGED INDUSTRIAL INJURY OCCURRING ON JANUARY 23, 1981
 II.
In its only assignment of error, Brooks Beverage argues that the trial court erred in dismissing its R.C. 4123.51.2 appeal of the Commission's decision.
Litigants may seek judicial review of the Commission's decisions in three ways: (1) by direct appeal to the common pleas court pursuant to R.C. 4123.51.2; (2) by a mandamus proceeding in the Supreme Court or in the Franklin County Court of Appeals; (3) or by an action for declaratory judgment pursuant to R.C. Chapter 2721. Felty v. ATT Technologies Inc. (1992), 65 Ohio St.3d 234,237. The procedural mechanism available to a litigant depends upon the nature of the decision issued by the Commission. If the litigant chooses the wrong procedural mechanism, the reviewing court will not have subject matter jurisdiction and the appeal must be dismissed. Id.
A direct appeal to the common pleas court pursuant to R.C. 4123.51.2 is the most limited form of review. Id. The Ohio Supreme Court has limited the statutory language of R.C. 4123.51.2 so that only "decisions reaching an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable under R.C. 4123.51.9." Id. at paragraph one of the syllabus; Afrates v. Lorain (1986), 28 Ohio St.3d 341, paragraph one of the syllabus; Zavatsky v. Stringer
(1978), 56 Ohio St.2d 386, paragraph one of the syllabus. A decision of the Commission "does not determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim." State ex rel. Evans v. Indus. Comm. (1992),64 Ohio St.3d 236, paragraph one of the syllabus. A "claim" is "the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease." Felty, 65 Ohio St.3d at 239. Thus, litigants may only appeal decisions of the Commission that determine "whether an employee is or is not entitled to be compensated for a particular claim." Id.
We must look to the issue before the Commission and the nature of its order to determine whether the order is appealable pursuant to R.C. 4123.215 [4123.51.2]. Thomas v. Conrad (1998),81 Ohio St.3d 475, 479.
Brooks Beverage argues that the issue before the Commission was whether Bishop sustained a new injury on January 23, 1981, not a determination or clarification of the date of the injury for which Bishop had already been participating in the workers' compensation system.
In this case, the Commission's order did not reach Bishop's right to participate in the workers' compensation system. According to the Commission's order the issue before it was "whether the activity in this file relates back to the claimant's injury he sustained on 6/20/80 (when the employer was state-funded) or whether there was an intervening injury on 1/23/81 (when the employer was self-insured) which resulted in subsequent medical treatment and lost time." Brooks Beverage never asserted that Bishop did not have a right to participate in the Workers' Compensation System. The only issue was which fund, the state's or the employer's, would pay Bishop's claims. Bishop's basic, underlying request to participate in the compensation system was not at issue. Therefore, the Commission's order did not reach Bishop's right to participate.
The common pleas court did not have subject matter jurisdiction because the Commission's order did not reach Bishop's right to participate in the workers' compensation system. We affirm the judgment of the common pleas court.
 III.
In sum, we overrule Brooks' only assignment of error and affirm the judgment of the common pleas court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
ABELE, J. and HARSHA, J.: Concur in Judgment and Opinion.
For the Court
 BY: _______________________________ ROGER L. KLINE, Presiding Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commencesfrom the date of filing with the clerk.