OPINION
{¶ 1} This is a workers' compensation case. Richard Cafeo, appearing pro se, appeals from the dismissal of his "petition of complaint" or "notice of complaint" — hereafter "petition" — for failure to state a claim.
 {¶ 2} For his assignment of error, Cafeo asserts that the trial court abused its discretion by failing to conduct a hearing on temporary total disability.
 {¶ 3} Cafeo filed a notice of appeal from an order of a staff hearing officer finding the employer, International Truck and Engine Corporation, not responsible for reimbursement of certain medical expenses and for compensation for a period of temporary total disability. Cafeo's claims were disallowed as time barred.
 {¶ 4} Within thirty days of filing his notice of appeal, Cafeo filed his petition as required by R.C. 4123.512(D).
 {¶ 5} In his petition, Cafeo disclosed that the appeal involved "allowed" claims for "herniated Disc C 6 7 and Stenosis C 4-5."
 {¶ 6} International moved to dismiss, arguing that Cafeo's appeal concerned "extent of disability" rather than "right to participate" in the workers' compensation fund.
 {¶ 7} Construing R.C. 4123.519(A) — the predecessor to R.C.4123.512(A) — which also excluded "extent of disability" decisions from decisions appealable to the court of common pleas, the supreme court held in Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234:
 {¶ 8} "1. Only decisions reaching an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable under R.C. 4123.519.
 {¶ 9} "2. Once the right of participation for a specific condition is determined by the Industrial Commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable pursuant to R.C. 4123.519."
 {¶ 10} Cafeo's notice of appeal and petition clearly demonstrate that his appeal is from an "extent of disability" decision. He does not contend otherwise. Rather, he contends the trial court should be involved because of claimed shortcomings on the part of International and the Industrial Commission.
 {¶ 11} We agree with the trial court that Cafeo failed to state a cause of action to "participate or to continue to participate in the fund" — R.C. 4123.512(D) — and for that reason the petition was properly dismissed for failure to state a claim. Civ.R. 12(B)(6). The trial court lacked jurisdiction to entertain this appeal.
 {¶ 12} Although International will be awarded costs, we decline to award International legal fees.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} The judgment will be affirmed.
FAIN, P.J. and YOUNG, J., concur.