DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Emma Ellis, appeals from a judgment in the Wayne County Court of Appeals, which granted summary judgment to Rubbermaid, Inc., on a workers' compensation claim. We affirm.
 I. {¶ 2} Ellis was an employee at Rubbermaid, Inc. ("Rubbermaid"), on September 30, 1999, when she allegedly sustained an injury in the course of and arising out of her employment. Ellis filed a First Report of an Injury, Occupational Disease or Death ("FROI-1") with the Bureau of Workers' Compensation on August 23, 2001, wherein she stated,
"I was working at machine #515 pack area. I was labeling and inspecting dustpans when I got off the chair at the workstation I could not put any weight on my left leg due to extreme swelling of my left knee. My knee was very tight and would not bend."
 {¶ 3} On the FROI-1, she described her injury as "stiffness — bad swelling of left knee." The Bureau of Workers' Compensation ("BWC") assigned case number 99-560354 to the claim. On March 13, 2000, a District Hearing Officer denied her claim. Ellis appealed, and a Staff Hearing Officer affirmed the denial. Ellis then appealed to the Industrial Commission, which refused her appeal. Ellis further appealed the denial to the Wayne County Court of Common Pleas where, in her complaint, she claimed that her injury was a torn medial meniscus of the left knee. The case was assigned number 00-CV-0275. After discovery had commenced, Ellis voluntarily dismissed the case on April 25, 2001.
 {¶ 4} On April 22, 2002, Ellis filed a new complaint in the Wayne County Court of Common Pleas, claiming that she suffered from both a torn medial meniscus and a fracture of the left medial femoral condyle. The new complaint was assigned the number 02-CV-0194.[1]
 {¶ 5} Rubbermaid filed for summary judgment on the basis that there was no evidence of a torn medial meniscus and that the Wayne County Court of Common Pleas lacked subject matter jurisdiction over the fracture of the left medial femoral condyle because such condition had never been ruled upon administratively through the BWC or the Industrial Commission.
 {¶ 6} In her response to the motion for summary judgment, Ellis admitted that there is no evidence of a torn medial meniscus and that the medial meniscus is actually intact. As to the claim that she sustained a fracture of the left medial femoral condyle, Ellis argues, in this appeal, that the BWC and Industrial Commission did consider and reject both conditions due to two medical reports from Dr. Torok dated December 29, 1999 and April 7, 2000. Ellis states that the December 29, 1999 report was before the District Hearing Officer and in the report "the defect of the medial femoral condyle was described." Further, Ellis states that, in the April 7, 2000 medical report, Dr. Torok indicated that during surgery he discovered her condition to be caused by a fracture of the femoral condyle of the left knee and that the condition was work related. Ellis claims that the April 7, 2002 medical report was included in the materials submitted to the Staff Hearing Officer, and the Staff Hearing Officer stated in its denial that "[t]he 4/7/2000 report from Dr. Torok was read and considered but not found persuasive."
 {¶ 7} The trial court granted summary judgment to Rubbermaid stating that "summary judgment is appropriate with respect to the claim for benefits arising out of the alleged torn medial meniscus condition." The trial court further found that it did not have subject matter jurisdiction over the claim alleging a fractured medial femoral condyle condition because, in the claim number 99-560354, Ellis sought compensation solely for the torn medial meniscus, and "[a]ccordingly, summary judgment is appropriate with respect to the claim for benefits arising out of the alleged medial femoral condyle condition." Ellis timely appealed raising one assignment of error.
 II. Assignment of Error
"The Trial Court Erred In Sustaining The Motion For Summary Judgment Filed On Behalf [Of The] Defendant, Rubbermaid, Inc."
 {¶ 8} In her sole assignment of error, Ellis argues that it was error to grant summary judgment to Rubbermaid for lack of subject matter jurisdiction because her claim in the BWC was solely for a torn medial meniscus when her claim also encompassed the fracture of the medial femoral condyle. We agree that the trial court lacked subject matter jurisdiction.
 {¶ 9} A claimant's right to appeal a decision concerning workers' compensation benefits is conferred only by statute. Felty v. ATTTechnologies, Inc. (1992), 65 Ohio St.3d 234, 237. R.C. 4123.512
provides that a party may appeal to the court of common pleas a decision "other than a decision as to the extent of disability." R.C. 4123.512(A). An appellate court reviews a trial court's interpretation and application of a statute on a de novo basis because it presents us with a question of law. See State v. Frazier (2001), 142 Ohio App.3d 718, 721, citing Statev. Sufronko (1995), 105 Ohio App.3d 504, 506. Upon review, an appellate court does not give deference to the trial court's determination. Id. See, also, Tamarkin Co. v. Wheeler (1992), 81 Ohio App.3d 232, 234.
 {¶ 10} The Ohio Supreme Court has narrowly interpreted R.C. 4123.512
to allow a party to appeal to the court of common pleas only a decision involving a claimant's right to participate or to continue to participate in the Workers' Compensation Fund. Thomas v. Conrad (1998),81 Ohio St.3d 475, 477. "[A]ny issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue." State ex rel. Liposchak v. Indus. Comm.
(2000), 90 Ohio St.3d 276, 280. The correct method of challenging decisions that determine the extent of disability is through an action in mandamus. See State ex rel. Walls v. Indus. Comm. (2000),90 Ohio St.3d 192, 195. See, also, Liposchak, 90 Ohio St.3d at 278-279.
 {¶ 11} "A `claim' in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease." Felty v.ATT Technologies, Inc. (1992), 65 Ohio St.3d 234, 239. Only the essential decision to grant, deny, or terminate the employee's participation or continued participation in the system is appealable under R.C. 4123.512. Id. An appeal to the court of common pleas is limited to the decision regarding whether an employee is or is not entitled to compensation for a particular claim. Id. at paragraph two of the syllabus. When benefits sought are for conditions other than the physical condition named in the claim, then the denial goes to the extent of the injuries and not to the claim. See, Bissell v. Akron Gen. Med.Ctr. (1996), 114 Ohio App.3d 258.
 {¶ 12} In the instant case, Ellis filed a claim for a specific injury: a torn medial meniscus of the left knee, which she since admitted does not exist. However, her physician submitted medical reports which indicate another injury: a fracture of the left medial femoral condyle. Ellis argues that, therefore, the issue of a facture was before the BWC and was decided by them as a specific claim. We disagree. The claim was solely for compensation for the torn medial meniscus; if a different injury or a more extensive injury were later discovered, but no separate claim filed, then the issue is one of extent of the injury. Therefore, the trial court was correct in asserting a lack of subject matter jurisdiction over an appeal that addresses the extent of Ellis' injury. Ellis' assignment of error is overruled.
 III. {¶ 13} Ellis's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
[1] Upon learning the true nature of her injury, Ellis re-filed an administrative claim in the BWC for the fracture of the medial femoral condyle. The case number assigned was 99-803579 and the claim was ultimately denied; the original case, 99-560354, was deemed to be res judicata as to the presence of an occupational injury or illness. Ellis appealed that decision to the Wayne County Court of Common Pleas where it was designated as case number 02-CV-0193. Ellis moved to consolidate the cases; however, there is nothing in the record to indicate that the trial court ever ruled upon the motion.