**CODER, Appellee,**

v.

**THE OHIO BANK, Appellant.**

[Cite as *Coder v. The Ohio Bank* (2001), 145 Ohio App.3d 739.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1-01-71.

Decided Sept. 5, 2001.

740

*Dean Knisley* and *James C. Becker,* for appellee.

*Renisa A. Dorner,* for appellant.

WALTERS, Presiding Judge.

Although this case was originally placed on our accelerated calendar, we elect, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry. Appellant, The Ohio Bank, appeals a decision by the Common Pleas Court of Allen County dismissing the action pursuant to Civ.R. 12(B)(1) for lack of subject matter jurisdiction. For the reasons that follow, we affirm the trial court.

This case arises out of an automobile accident occurring on February 23, 1999, where appellee, Melinda K. Coder, was injured. Ohio Bank concedes that the accident transpired during the course and scope of Coder's employment with The Ohio Bank. At the time of the accident, Coder was twenty-two weeks' pregnant with twins. Due to the impact from the collision, she suffered spontaneous rupture of the uterine membrane and, consequently, premature delivery of the twins. Once delivered, the twins required extensive neonatal care.

As a result of the accident, Coder filed a claim with the Bureau of Workers' Compensation. Her claim was initially allowed by the Industrial Commission ("commission") for "premature rupture membrane." Subsequently, Coder filed a C–86 motion to have the commission recognize the additional claims of "premature delivery of twins" and "posterior bruising of the uterus," including payment of all medical bills in conjunction with those claims. The commission allowed the two additional claims pursuant to an order dated July 21, 1999.

Thereafter, The Ohio Bank appealed the allowance of the "premature delivery of twins" claim, arguing that the twins' delivery would have eventually occurred without the intervening accident. On September 9, 1999, the commission upheld the prior decision in relation to premature delivery. The Ohio Bank's subsequent appeal on the same basis also failed pursuant to an order dated November 30, 1999. The Ohio Bank took no appeal from the November 30 order.

The issue regarding the extent of payment for the additional claims remained unsettled throughout each of these proceedings. On December 20, 1999, the

commission allowed compensation for Coder's medical bills but denied payment for the twins' birth and neonatal care. After an appeal by Coder, payment was ordered for the births and the neonatal care. The order was affirmed on March 8, 2000, and further appeal was denied by the commission on March 30, 2000, pursuant to R.C. 4123.511(E).

From this order, The Ohio Bank sought relief in the Allen County Court of Common Pleas to preclude payment of the twins' medical bills. The Ohio Bank filed a motion for summary judgment asserting that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. The court of common pleas denied The Ohio Bank's motion for summary judgment and, instead, granted Coder's motion to dismiss, holding that subject matter jurisdiction was lacking based upon R.C. 4123.512, which allows appeals only from the commission based upon right-to-participate claims, not extent-of-disability claims. From this decision, The Ohio Bank appealed to this court, asserting the following sole assignment of error:

█ "The trial court erred when it denied appellant's motion for summary judgment and granted a dismissal in favor of appellee on the basis that the court lacked subject matter jurisdiction because the decision of the Industrial Commission to pay the medical bills of the children of Melinda Coder was an 'extent of disability' order, rather than a 'right to participate' order."

█ The proper inquiry for a dismissal pursuant to Civ.R. 12(B)(1), lack of subject matter jurisdiction, is "whether the plaintiff has alleged any cause of action which the court has authority to decide."[1] Because jurisdiction is conferred upon courts of common pleas by the Workers' Compensation Act,[2] we must look to the controlling statutes to determine subject matter jurisdiction. In cases deriving from a commission's order, only decisions relating to an employee's right to participate in the workers' compensation system due to an occupational injury or disease are appealable to that court.[3] Once a right to participate is established by the commission, any further determination, as to the computation of a workers' compensation award, reflects the extent of a disability and is not appealable.[4]

---

1. *Shockey v. Fouty* (1995), 106 Ohio App.3d 420, 666 N.E.2d 304, paragraph one of the syllabus.

2. *Jenkins v. Keller* (1966), 6 Ohio St.2d 122, 35 O.O.2d 147, 216 N.E.2d 379, paragraph four of the syllabus.

3. R.C. 4123.512(A); *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, paragraph one of the syllabus.

4. *Martin v. Louisiana–Pacific Corp.* (1996), 113 Ohio App.3d 332, 336, 680 N.E.2d 1078.

The grant of jurisdiction to courts of common pleas for such cases is contained in R.C. 4123.512(A), which states:

"The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the *extent of disability* to the court of common pleas * * *."[5]

The Supreme Court has clarified the definitions of right-to-participate claims and extent-of-disability decisions. A "claim" refers to "the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease."[6] A "right to participate" signifies the finalization of an allowance or disallowance of an employee's workers' compensation claim by the commission.[7] The only question for a right to participate is whether the employee was in the course of employment when the injury occurred.[8] When the answer is "yes," the claimant may then attempt to establish the "extent of the disability," which becomes a question of how much the fund must pay.[9] Therefore, once a right of participation is determined by the commission, "no subsequent rulings, except a ruling that terminates the right to participate, are appealable * * *" to a common pleas court.[10]

This narrow grant of jurisdiction is necessary to achieve the goal of an independent Workers' Compensation Fund that operates largely outside the courts.[11] Otherwise, "almost every decision of the commission, major and minor, could eventually find its way to the common pleas court. Thus, a long line of cases, with only a few deviations along the way, led to the formulation of this now-settled precept: The *only* decisions of the commission that may be appealed to the courts of common pleas * * * are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund." (Emphasis *sic.*)[12]

---

5. R.C. 4123.512(A) (emphasis added).

6. *Felty v. AT&T Technologies, Inc.*, 65 Ohio St.3d at 239, 602 N.E.2d 1141.

7. *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609, paragraph one of the syllabus.

8. *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 279, 737 N.E.2d 519, citing *Felty v. AT&T Technologies*, at paragraph two of the syllabus.

9. *Id.* at 280, 737 N.E.2d 519, citing *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 396, 10 O.O.3d 503, 384 N.E.2d 693.

10. *Felty v. AT&T Technologies, Inc.*, at paragraph two of the syllabus.

11. *Id.* at 238, 737 N.E.2d 519.

12. *Id.*

In order to determine whether appealing to the court of common pleas was proper, we must interpret the nature of the decisions issued by the commission in this case.[13] An order by the commission dated March 5, 1999, granted Coder's workers' compensation claim based upon "premature rupture membrane." This was subsequently expanded, in an order dated July 21, 1999, to include allowance of payment for "premature delivery of twins" and "anterior and posterior bruising of the uterus." Significantly, these decisions granted Coder's *right to participate* in the State Insurance Fund based upon these *claims*.

To appeal the right of participation for these claims, which were last affirmed on November 30, 1999, The Ohio Bank must have filed an appeal no later than fourteen days after the order's receipt, which was not done. Instead, The Ohio Bank appealed the commission's subsequent allowance of payment for the twins' medical bills deriving from the right to participate for the condition of premature delivery.

In other words, the order granting compensation for the twins' medical bills, in conjunction with Coder's medical bills, was not a right-to-participate claim because Coder's right to participate for the "premature delivery of twins" had already been finally decided in the commission's November 30 order. Instead, allowing compensation for the twins' medical bills, which was derived from the already allowed claim for premature delivery, went to how much of a recovery Coder was entitled to. Thus, the appeal was based upon an "extent of disability" decision by the commission. Consequently, the common pleas court had no jurisdiction to consider the present action pursuant to R.C. 4123.512(A). Therefore, The Ohio Bank's sole assignment of error is not well taken and is overruled.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

Thomas F. Bryant and Hadley, JJ., concur.

---

13. *Id.* at 237, 737 N.E.2d 519.