OPINION
{¶ 1} Plaintiff-appellant Brenda Eakins appeals from the dismissal of her appeal from a decision of the Ohio Bureau of Workers' Compensation denying her claim for an extent of injury determination. Eakins suffered injuries to her arm and hand as a result of a work-related injury. The claim was allowed. She later filed a motion seeking a determination that she suffered a complete loss of use of her arm and hand. In denying her motion, the Bureau of Workers' Compensation included, in its order, language indicating that the claimed total loss of use was self-inflicted. Eakins contends that by finding the total loss of use to be self-inflicted, the Bureau made a determination that her injury was not work-related. Thus, at issue in this appeal is whether this finding determines the right to participate in the workers' compensation system, which may be appealed to a court of common pleas, or whether it involves merely an extent of injury determination, which may not be.
 {¶ 2} We agree with the trial court that, in this case, the claimed total loss of use raises an issue of the extent of the claimant's disability, despite the language used in the order, and is therefore not appealable to a court of common pleas. Accordingly, the judgment of the trial court dismissing this administrative appeal is affirmed.
 I {¶ 3} In 1999, Brenda Eakins sustained a work-related injury to her right wrist and upper right arm. That same year, she filed a claim for accidental injury with the Bureau of Workers' Compensation (BWC). The claim was allowed for a sprain of her right wrist and for Reflex Sympathetic Dystrophy of her upper right arm.
 {¶ 4} In November, 2000, Eakins filed a C-86 motion with the BWC requesting an allowance for the "total loss of the right hand/arm by reason of total loss of function." The matter was heard by a District Hearing Officer, who denied the claim on the basis that medical reports did not support a finding of total loss.
 {¶ 5} Thereafter, Eakins filed an appeal of the denial, and the matter was referred to a Staff Hearing Officer. The Staff Hearing Officer affirmed the decision of the District Hearing Officer. Of relevance to this appeal, the Staff Hearing Officer included the following finding in the order affirming the denial:
 {¶ 6} "The denial [of this claim] is based more specifically upon the 01/12/2001 report of Dr. Manova which denies these conditions, finds a normal exam in many aspects and states, `The presenting symptoms and objective findings are at least partly appeared to be self-inflicted, where application of some kind of constrictive band around distal right forearm.' [sic]."
 {¶ 7} The Staff Hearing Officer's order was appealed to the Industrial Commission, which refused to hear the appeal. Eakins then filed an appeal to the Greene County Common Pleas Court, pursuant to R.C. 4123.512. The BWC filed a motion to dismiss the appeal for lack of jurisdiction. The motion was granted by the magistrate. Eakins filed objections to the magistrate's decision. The trial judge agreed with the magistrate, overruled the objections, and dismissed the appeal. Eakins appeals to this court from the trial court's dismissal of her administrative appeal.
 II {¶ 8} The sole Assignment of Error presented for review is as follows:
 {¶ 9} "AN OHIO REVISED CODE SECTION 4123.57(B) DECISION BY A STAFF HEARING OFFICER THAT FINDS A CLAIMANT DOES NOT HAVE LOSS OF USE OF AN ARM IS APPEALABLE TO THE COMMON PLEAS COURT AS AN OHIO REVISED CODE SECTION 4123.512 APPEAL IF THE DECISION INCLUDES A FINDING AS TO `CAUSE OF DISABILITY'".
 {¶ 10} Eakins contends that the trial court erred in dismissing her appeal.
 {¶ 11} A party's right to appeal workers' compensation decisions to the courts is not inherent; it is conferred solely by statute. Bissellv. Akron General Medical Center (1996), 114 Ohio App.3d 258, 260. Specifically, the right to appeal a workers' compensation decision is conferred by R.C. 4123.512(A), which states, in pertinent part:
 {¶ 12} "The claimant or the employer may appeal an order of the Industrial Commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *."
 {¶ 13} "The Supreme Court has clarified the definitions of right-to-participate claims and extent-of-disability decisions." Coderv. The Ohio Bank (2001), 145 Ohio App.3d 739, 743. "A `claim' refers to `the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease.'" Id. "A `right to participate' signifies the finalization of an allowance or disallowance of an employee's workers' compensation claim by the commission." Id. "The only question for a right to participate is whether the employee was in the course of employment when the injury occurred." Id. "When the answer is `yes,' the claimant may then attempt to establish the `extent of the disability,' which becomes a question of how much the fund must pay." Id. "Therefore, once a right of participation is determined by the commission, `no subsequent rulings, except a ruling that terminates the right to participate, are appealable * * *' to a common pleas court." Id.
 {¶ 14} It is clear from a review of her motion that Eakins did not ask the BWC to allow a new claim for a new condition or new diagnosis. Rather, her motion merely sought to have the BWC make a finding that the disability, for which a claim was previously allowed, resulted in a total loss of use of the arm. In other words, Eakins merely asked for a determination of the extent of disability for conditions already allowed/recognized on her claim; i.e., because of the previously diagnosed condition of strain and RSD, she has lost the use of her arm. R.C. 4123.512(A) prohibits the appeal of these type of "extent of disability" issues, i.e., how bad is the injury, to the common pleas court.
 {¶ 15} Eakins contends that the order of the Staff Hearing Officer is not limited to an extent-of-injury finding because of the use of the "self-inflicted" language. She further argues that this may affect her right to participate in the workers' compensation system, because it may form a basis for a future finding that the injury is not work-related. She contends that she must be permitted to appeal this finding to the common pleas court in order to protect her rights.
 {¶ 16} We agree that the Staff Hearing Officer's decision, at first glance, is susceptible to the interpretation urged by Eakins. However, as conceded by the BWC, Eakins' right to participate in the workers' compensation system for the injury to her arm and hand is not in dispute. The BWC notes that her claim for that injury has been allowed, and the decision at issue in this appeal does not affect that allowance. Furthermore, a review of the record indicates that the use of the term "self-inflicted" in the medical reports is specifically limited to the issue of whether Eakins' arm, as a result of her allowed conditions, had a total loss of movement; it does not relate to the issue of how the injury occurred. In other words, it appears that the report concludes that while Eakins did suffer a work-related sprain and RSD, her arm and hand would still have some function but for the fact that she constricted their motion by the use of an Ace bandage.
 {¶ 17} We construe the decision as a determination solely of the extent of the disability, not a determination whether the claim for the injury should be allowed. We further find that, despite the Staff Hearing Officer's choice of language, the decision does not act to terminate Eakins' right to participate in the system on her claim. Therefore, we conclude that the order of the BWC constitutes an extent-of-disability decision, not a right-to-participate decision, so that the common pleas court properly determined that it lacks jurisdiction to hear an appeal from that decision.
 {¶ 18} Eakins's sole Assignment of Error is overruled.
 III {¶ 19} Eakins's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
BROGAN and YOUNG, JJ., concur.