DECISION.
{¶ 1} Plaintiffs-appellants Michael and Lani Peppers appeal the trial court's dismissal of their case against defendant-appellee Meyer Builders-Douglas Homes. We agree with the trial court's logic, but the case should have been stayed pending arbitration rather than dismissed.
 {¶ 2} In 2001, the Pepperses agreed to purchase a new home from Meyer. All the parties signed a contract that included an arbitration clause. The clause stated that any disputes, other than a claim by Meyer for specific performance and related damages, would be settled through arbitration rather than a lawsuit.
 {¶ 3} After the new home was built, the Pepperses discovered what they believed to be defects in the property. They then sued Meyer in the Common Pleas Court of Hamilton County rather than seeking arbitration. Meyer moved for a dismissal or a stay pending arbitration. The trial court granted the motion to dismiss.
 {¶ 4} On appeal, the Pepperses assign only one error: that the trial court should not have granted Meyer's motion to dismiss. They argue that the arbitration clause was unenforceable and that the dismissal was improper.
 I. The Arbitration Clause {¶ 5} There is a strong public policy in Ohio in favor of arbitration.[1] An arbitration clause is enforceable unless it is revocable in law or equity.[2] Such a clause is essentially a contract within a contract, and we must determine in this case whether the clause itself — rather than the contract as a whole — was subject to revocation.[3] And any ambiguities concerning the scope of the arbitration clause must be resolved in favor of arbitration.[4]
 {¶ 6} The arbitration clause here stated the following:
 {¶ 7} "Any controversy, claim or other matter arising out of or relating to this Agreement of Sale, or breach thereof, other than a claim by Seller for specific performance and related damages, shall be determined in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof."
 {¶ 8} The Pepperses now argue that the trial court failed to recognize established law invalidating arbitration agreements. They claim that Meyer reserved the right to litigate any of its claims while forcing the Pepperses to arbitrate any claims that they might have had. But they are mistaken.
 {¶ 9} "The intent of the parties is presumed to reside in the language they chose to employ in the agreement."[5] This contract was clear: all disputes other than specific-performance claims by Meyer had to be settled through arbitration.
 {¶ 10} The Pepperses rely on Harlamert v. Fischer AttachedHomes, Ltd.,[6] for the proposition that the arbitration clause was unenforceable. But that case concerned an arbitration clause that reserved the builder's right to litigate all disputes, and that was not limited solely to claims for specific performance. Harlamert therefore has no bearing on the present case.
 {¶ 11} The Pepperses also argue that the clause was adhesive and unenforceable and that Meyer failed to disclose latent defects in the property. But they presented no evidence to support either of these theories.
 {¶ 12} Finally, the Pepperses argue that the arbitration clause should have been voided because of the costs involved in arbitration. But they have not presented any actual evidence of what the cost of arbitration would have been, and the contract did not indicate who would bear the costs. Mere speculation that arbitration costs will be high does not invalidate an arbitration clause.[7] And the fact that a contract is silent regarding who will pay the costs of arbitration does not mean that the clause is unenforceable.[8]
 {¶ 13} The arbitration clause was therefore enforceable.
 II. The Dismissal {¶ 14} The trial court granted Meyer's motion to dismiss. But it should have simply granted a stay pending arbitration.
 {¶ 15} We review the grant of a motion to dismiss de novo.[9] To uphold the dismissal of a complaint under Civ.R. 12(B)(1), we must decide whether the complaint alleged any cause of action that the trial court had the authority to decide.[10]
 {¶ 16} Under R.C. 2711.02(B), the court shall stay the trial of the action once it is satisfied that the issue involved is subject to arbitration. And when a dispute is subject to arbitration, the trial court should stay the lawsuit rather than dismiss it.[11]
 {¶ 17} The complaint alleged that Meyer had breached the contract and the implied warranty, among other things. These allegations were causes of action that the trial court normally would have had the authority to resolve, but for the arbitration clause. The dismissal was therefore inappropriate.
 {¶ 18} The trial court should not have dismissed the action; it should have simply granted Meyer's motion to stay the proceedings pending arbitration.
 {¶ 19} We therefore sustain the Pepperses' sole assignment of error as it relates to the actual dismissal.
 {¶ 20} We affirm the trial court's decision that the case is subject to arbitration. But we reverse the trial court's entry of dismissal and remand the case for further proceedings consistent with this decision.
Judgment affirmed in part and reversed in part, and cause remanded.
Doan, P.J., and Sundermann, J., concur.
[1] Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708,590 N.E.2d 1242.
[2] R.C. 2711.01(A).
[3] ABM Farms, Inc. v. Woods, 81 Ohio St.3d 498,1998-Ohio-612, 692 N.E.2d 574.
[4] Sasaki v. McKinnon (1997), 124 Ohio App.3d 613,707 N.E.2d 9.
[5] Kelly v. Medical Life Ins. Co. (1987), 31 Ohio St.3d 130,132, 509 N.E.2d 411.
[6] (May 2, 2002), Ham. Co. Mun. Ct. No. A-0200341.
[7] Green Tree Fin. Corp.-Alabama v. Randolph (2000),531 U.S. 79, 121 S.Ct. 513.
[8] Id.
[9] Crestmont Cleveland Partnership v. Ohio Dept. of Health
(2000), 139 Ohio App.3d 928, 746 N.E.2d 222.
[10] Id.
[11] See Rock v. Merrill Lynch, Pierce, Fenner Smith, Inc.
(1992), 79 Ohio App.3d 126, 606 N.E.2d 1054.