[Cite as *Clendenin v. Girl Scouts of W. Ohio*, 2015-Ohio-4506.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| AUDREY CLENDENIN, | : | APPEAL NO. C-140658 |
| | | TRIAL NO. A-1305928 |
| Plaintiff-Appellant, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| GIRL SCOUTS OF WESTERN OHIO, | | |
| | : | |
| Defendant, | | |
| | : | |
| and | | |
| | : | |
| ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION, | | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed from is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  October 30, 2015

*Becker & Cade* and *Dennis A. Becker*, for Plaintiff-Appellant,

*Michael DeWine,* Ohio Attorney General, and *Thomas J. Straus,* Assistant Attorney General*,* for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1} Appellant Audrey Clendenin appeals from the judgment of the Hamilton County Court of Common Pleas dismissing for lack of subject-matter jurisdiction her appeal of an order issued by the Industrial Commission of Ohio ("commission"). The order terminated compensation and benefits for the previously-allowed condition of substantial aggravation of preexisting dermatomyositis upon a finding that it had abated, as contemplated by R.C. 4123.54(G).

{¶2} In a case involving an issue of first impression, we hold that because the commission's order terminated Clendenin's right to participate in the workers' compensation fund for the previously-allowed condition, R.C. 4123.512(A) vested the court of common pleas with subject-matter jurisdiction to hear her appeal, even though Clendenin continued to participate in the fund for other allowed conditions arising out of the same accident. Therefore, we reverse the trial court's judgment, and remand the cause so that Clendenin may proceed with her appeal of the commission's decision.

## I. Background Facts

{¶3} Clendenin was involved in a work-related accident in October 2008 while employed by the Girl Scouts of Western Ohio. She sought to participate in the workers' compensation fund for her injuries. Her case, assigned number 08-379860, was allowed for multiple conditions, including right-shoulder-rotator-cuff tear, right-bicep-tendon tear, substantial aggravation of preexisting right-shoulder tendonitis, substantial aggravation of preexisting acromioclavicular-joint arthritis, substantial

aggravation of preexisting right-shoulder-labral tear, and substantial aggravation of preexisting dermatomyositis, an autoimmune disorder.

{¶4} In March 2013, appellee Administrator, Bureau of Workers' Compensation ("Bureau") filed a C-86 motion requesting the abatement of Clendenin's condition of substantial aggravation of preexisiting dermatomyositis. The matter was referred to a district hearing officer ("DHO"), who found, based on a physician's report, that the condition had returned to a level that would have existed without the injury. The DHO ordered that "compensation and medical benefits [were] no longer to be paid" for the allowed condition. The order did not affect the other allowed conditions in the case numbered 08-379860.

{¶5} Clendenin unsuccessfully appealed the order administratively. Clendenin then filed an appeal and complaint in the Hamilton County Court of Common Pleas related to the abatement order. She pled that the condition identified as substantial aggravation of preexisting dermatomyositis had not returned to preinjury status and that compensation and benefits should continue to be paid for the condition.

{¶6} The Bureau moved to dismiss the cause for lack of subject-matter jurisdiction. The court granted the motion and dismissed the appeal. Clendenin now appeals from that judgment. In her sole assignment of error, Clendenin argues that the trial court erred by granting the Bureau's motion to dismiss.

{¶7} We apply a de novo standard of review to the trial court's granting of a motion to dismiss under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction. *W. & S. Life Ins. Co. v. Owens*, 1st Dist. Hamilton No. C-140255, 2015-Ohio-1188, ¶ 8; *Peppers v. Meyer Builders-Douglas Homes, Ltd.*, 1st Dist. Hamilton No. C-030894, 2004-Ohio-5057, ¶ 15.

## II. Analysis

{¶8} The issue in this case is whether Clendenin can appeal to the court of common pleas the commission's order determining that her preexisting condition of dermatomyositis had returned to its preinjury status and that she may not receive any compensation or benefits for that preexisting condition.

{¶9} It is not disputed that Clendenin had initially established her right to participate for the preexisting condition as required under the statute. To participate in Ohio's workers' compensation fund, a claimant must establish an "injury" as defined by R.C. 4123.01(C). This statute specifies that an injury includes "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." The subdivisions of R.C. 4123.01(C) qualify the definition of a compensable injury. R.C. 4123.01(C)(4) provides that an injury does not include a condition that preexisted an injury unless that preexisting condition is "substantially aggravated" by the injury, as documented by certain objective evidence. *Pflanz v. Lof*, 1st Dist. Hamilton No. C-100574, 2011-Ohio-2670, ¶ 11-12.

{¶10} But the Bureau contended that Clendenin's condition had reverted to a level that would have existed without the injury, and requested and received from the commission an abatement order terminating compensation and benefits in accordance with R.C. 4123.54(G). This statute provides that once the substantially-aggravated preexisting condition "has returned to a level that would have existed without the injury," then "no compensation or benefits are payable" to the claimant. The legislature added R.C. 4123.01(C)(4) and 4123.54(G) as part of Am.Sub.S.B. No. 7 in 2006.

{¶11} Clendenin sought to appeal the commission's abatement order under the authority provided in R.C. 4123.512(A). That statute provides limited jurisdiction to the court of common pleas to review final decisions of the commission that involve a claimant's right to participate or to continue to participate in the fund. *Thomas v. Conrad*, 81 Ohio St.3d 475, 477, 692 N.E.2d 205 (1998). Conversely, determinations involving the extent of a claimant's disability must be challenged in mandamus. *Felty v. A.T. & T. Technologies, Inc.*, 65 Ohio St.3d 234, 240, 602 N.E.2d 1141 (1992).

{¶12} The *Thomas* court explained this limit on the appellate jurisdiction of the court of common pleas as follows:

> "The only action by the commission that is appealable * * * is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." *Felty* at 239, 602 N.E.2d at 1145. Such appeals are limited to "whether an employee is or is not entitled to be compensated for a particular claim." *Id.* "Only those decisions that finalize the allowance or disallowance of a claim * * * are appealable." *Id.* at 240, 602 N.E.2d 1146.

*Thomas* at 478.

{¶13} The Bureau has never disputed that the abatement order forecloses any future benefits or compensation for the substantial aggravation of preexisting dermatomyositis. But the Bureau maintains that the abatement order did not terminate Clendenin's participation in the workers' compensation fund, as she continues to participate for the other approved conditions under the same case

number. As such, it contends, the order involved only the extent of her disability and, therefore, the court of common pleas lacked jurisdiction to proceed with the appeal. We cannot agree.

{¶14} *The order terminates the right to participate for a "claim"—a specific injury or medical condition.* The Bureau's argument fails because the *Thomas* and *Felty* courts used the word "claim" when explaining what type of decision by the commission is appealable—"those decisions that finalize the allowance or disallowance of a claim." Generally, in workers' compensation parlance, a "claim" is " 'simply the recognition of the employee's right to participate in the fund for a specific injury or medical condition.' " *Starkey v. Builders Firstsource Ohio Valley, L.L.C.*, 130 Ohio St.3d 114, 2011-Ohio-3278, 956 N.E.2d 267, ¶ 14, quoting *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 10.

{¶15} Further, the Supreme Court has rejected an argument similar to the one advanced now by the Bureau. *See Zavatsky v. Stringer*, 56 Ohio St.2d 386, 384 N.E.2d 693 (1978), paragraph three of the syllabus. *Zavatsky* involved in part the issue of the claimant Zavatsky's right to participate in the workers' compensation fund in the first instance. *Id.* at 387. The court determined that Zavatsky could appeal from an order that allowed a claim for injury to the left elbow, but denied a claim as to the low back and left leg arising from the same work place accident. *Id.* at 387 and 404. The Supreme Court later reiterated this rule in *Felty*, where it stated that "an order allowing a claim for one injury but denying a claim for two other injuries arising out of the same accident is appealable." *Felty*, 65 Ohio St.3d at 239, 602 N.E.2d 1141. The Bureau has not explained why this rule should not apply when determining the appealability of an order terminating the right to participate, instead of denying the right to participate in the first instance.

{¶16} *To be appealable, an order terminating participation may involve more than causation.* The Bureau also maintains that the trial court lacks jurisdiction because the abatement order does not involve the issue of whether the injury, disease, or death resulted from employment, citing *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 280, 737 N.E.2d 519 (2000). In *Liposchak*, the Supreme Court explained that the denial or grant of death benefits was not appealable under R.C. 4123.512 unless the decision concerned the causal relationship between injury, disease, or death and employment. *Id.* at 281. After *Liposchak*, courts have held that an order involving the right to participate is not appealable under R.C. 4123.512 unless the order involves the issue of causation related to the employment. *See, e.g., Benton v. Hamilton Cty. Edn. Serv. Ctr.*, 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778; *Coder v. Ohio Bank*, 145 Ohio App.3d 739, 764 N.E.2d 477 (3d Dist.2001).

{¶17} But the Supreme Court has clarified that *Liposchak* defines the issue that may be appealed in a "right-to-participate case," and not in a "right-to-*continue*-participation case" such as this one. (Emphasis sic.) *White v. Conrad*, 102 Ohio St.3d 125, 2004-Ohio-2148, 807 N.E.2d 327, ¶ 10. Moreover, the commission's abatement order can arguably be characterized as a decision involving the "in the course of and arising out of her employment" inquiry. In essence, the commission found that Clendenin's condition, as it existed at the time of the Bureau's R.C. 4123.54(G)-based motion, was not causally related to her 2008 work-related accident. Therefore, the commission cut off future benefits and compensation for the condition of substantial aggravation of the preexisting dermatomyositis.

{¶18} Ultimately, Clendenin's right to participate in the fund for her claim based on the condition of substantial aggravation of preexisting dermatomyositis had

already been established. Her right to appeal was thereafter limited to subsequent rulings that affected her right to continue to participate for that claim. We conclude that the abatement order did not involve the extent of her disability but, instead, involved her right to continue to participate in the workers' compensation fund for the claim and was appealable, notwithstanding the fact that Clendenin is participating for other conditions under the same case number.

### III. Conclusion

{¶19} We sustain the assignment of error, because the trial court erred by granting the Bureau's motion to dismiss for lack of subject-matter jurisdiction. Accordingly, we reverse the trial court's judgment and remand the cause for proceedings consistent with the law and this decision.

Judgment reversed and cause remanded.

**HENDON, P.J.**, and **MOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.