[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 475.]

THOMAS, APPELLEE, *v*. CONRAD, ADMINISTRATOR, APPELLEE, ET AL.; NCR
CORPORATION, APPELLANT.

[Cite as *Thomas v. Conrad*, 1998-Ohio-330.]

*Workers' compensation—Statutory right to appeal an order of the Industrial Commission granted to claimant or employer in R.C. 4123.512.*

(No. 97-685—Submitted February 18, 1998—Decided April 22, 1998.)

CERTIFIED by the Court of Appeals for Montgomery County, Nos. 15873 and 15898.

_____

{¶ 1} In 1987, appellee Malinda Thomas suffered a work-related injury during the course of her employment with appellant, NCR Corporation, f.k.a. AT & T Global Information Solutions. Her workers' compensation claim was allowed for injuries to her ribs, left hip, left leg, low back, and a psychogenic pain disorder. In 1992, Thomas suffered nonwork-related injuries to her wrists, arms, and back when she was attacked by a guard dog.

{¶ 2} In July 1994, NCR moved to terminate its responsibility with regard to Thomas's existing claim, contending that the dog attack constituted an intervening injury sufficient to terminate Thomas's right to receive further compensation for her work-related injury. NCR claimed Thomas's current complaints were not causally related to her allowed conditions. Following a hearing, a district hearing officer denied the motion.

{¶ 3} Upon appeal by NCR, a staff hearing officer modified the order to include the finding that Thomas's subsequent injury did not constitute an intervening injury to the body parts and conditions already recognized in her existing claim. The dog attack had resulted in injuries to Thomas's wrists and arms and a mild temporary exacerbation of her allowed back condition. Medical services

related to the dog-attack injuries were not payable under her workers' compensation claim. The hearing officer affirmed the district hearing officer's order in all other respects. NCR again appealed, and the Industrial Commission refused to hear the appeal.

{¶ 4} NCR filed a notice of appeal from the decision of the Industrial Commission staff hearing officer with the Montgomery County Court of Common Pleas pursuant to R.C. 4123.512(A). Thomas responded to the notice of appeal by filing a complaint alleging that the employer's appeal involved the extent of her disability, which is not the proper subject of an R.C. 4123.512 appeal. Thomas also filed a motion to dismiss, citing as grounds the court's lack of subject-matter jurisdiction to review the matter.

{¶ 5} The trial court granted Thomas's motion to dismiss on the basis that it lacked jurisdiction to hear an appeal from a ruling of the Industrial Commission that does not terminate the right to participate in the workers' compensation system once that right has already been recognized.[1]

{¶ 6} The court of appeals affirmed. The court acknowledged that a decision allowing Thomas to continue to participate in the workers' compensation system seemingly involved a "right to participate"; however, pursuant to *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, once the right to participate is determined, only a ruling that terminates that right is appealable pursuant to R.C. 4123.512. Here, the Industrial Commission refused to terminate Thomas's continued participation in the workers' compensation system; thus, the commission's ruling was not appealable. In addition, the court

---

1. Most case law speaks in terms of participation in the State Insurance Fund. NCR is a self-insured employer and, as such, does not pay into the State Insurance Fund. A self-insured employer pays compensation directly to employees and adjudicates workers' compensation claims in the absence of a dispute.

determined that NCR's equal protection argument also failed because the ruling did not deprive NCR of equal access to the courts.

{¶ 7} The court of appeals certified that its decision was in conflict with the decision of the Franklin County Court of Appeals in *Moore v. Trimble* (Dec. 21, 1993), Franklin App. No. 93APE08-1084, unreported, 1993 WL 531289, and the decision of the Stark County Court of Appeals in *Jones v. Massillon Bd. of Edn.* (June 13, 1994), Stark App. No. 94CA0018, unreported, 1994 WL 313721. This cause is now before this court upon our determination that a conflict exists.

_____

*E.S. Gallon & Associates* and *Joseph R. Ebenger*, for appellee Malinda Thomas.

*Betty D. Montgomery*, Attorney General, *Steven P. Fixler* and *Maxine Young Asmah,* Assistant Attorneys General, for appellees C. James Conrad, Administrator, Bureau of Workers' Compensation, and the Industrial Commission of Ohio.

*Dunlevey, Mahan & Furry, Gary T. Brinsfield* and *D. Patrick Kasson*, for appellant.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc H. Jaffy*, urging affirmance for *amicus curiae*, Ohio Academy of Trial Lawyers.

*Joondeph, Shaffer & Bittel, P.L.L.,* and *David H. Shaffer*, urging reversal for *amicus curiae,* East Manufacturing Corporation.

_____

**LUNDBERG STRATTON, J.**

{¶ 8} We are once again asked to interpret the statutory right to appeal an order of the Industrial Commission granted to a claimant or employer in R.C. 4123.512. The statute provides: "The claimant or the employer may appeal an order of the industrial commission * * * other than a decision as to the extent of disability to the court of common pleas * * *." We have narrowly interpreted this

provision to allow appeals of only "those decisions involving a claimant's right to participate or to continue to participate in the [State Insurance] [F]und." *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus.

{¶ 9} The specific issue before us is whether the Industrial Commission's order that denied NCR's request to terminate Thomas's participation in the fund constitutes an appealable order. For the reasons that follow, we hold that the commission's order in this case did not decide "a claimant's right to participate or continue to participate" in the fund; instead, it involved Thomas's extent of disability. Thus, the order was not appealable under R.C. 4123.512 and the courts below correctly dismissed the appeal for lack of jurisdiction.

{¶ 10} It is undisputed that Thomas's right to participate had already been established. NCR then sought to completely terminate Thomas's participation on the basis that the intervening injury of the dog attack caused Thomas's current complaints and that they were not causally related to her allowed industrial injury. NCR contends that because it framed its motion in terms of terminating the right to participate, then logically the Industrial Commission's denial of its motion constitutes an order that involves the right to continue to participate in the fund. According to NCR, had the Industrial Commission granted the motion, Thomas would have had the right to appeal. That right to appeal should also apply to the employer when the order does *not* terminate participation.

{¶ 11} The issue that the Industrial Commission had to resolve in order to rule on NCR's motion was the effect of the dog attack on Thomas's allowed injuries. The staff hearing officer found that the subsequent injuries caused by the dog were different from Thomas's allowed conditions, except for a temporary mild exacerbation of her back, and that any treatment for the subsequent injuries was not to be paid by workers' compensation. Thus, the injuries from the dog attack were not sufficient to break the causal connection between Thomas's current complaints and her work-related injuries so as to end NCR's responsibility for Thomas's

4

allowed claim. There was no other change in the status of her claim. Thomas's right to participate remained undisturbed. As a result, the staff hearing officer's order involved Thomas's extent of disability, not her right to participate, that right having already been determined.

{¶ 12} We could not have been more clear in *Felty* when we repeatedly emphasized the limited form of judicial review of direct appeals under R.C. 4123.512: "The *only* decisions of the commission that may be appealed to the courts of common pleas * * * are those that are final and that resolve an employee's right to participate or to continue to participate * * *." (Emphasis in orginal.) *Felty v. AT & T Technologies, Inc.,* 65 Ohio St.3d at 238, 602 N.E.2d at 1145. "The only action by the commission that is appealable * * * is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." *Id*. at 239, 602 N.E.2d at 1145. Such appeals are limited to "whether an employee is or is not entitled to be compensated for a particular claim." *Id*. "[O]nly those decisions that finalize the allowance or disallowance of a claim * * * are appealable." *Id*. at 240, 602 N.E.2d at 1146.

{¶ 13} The procedural mechanism available to a workers' compensation litigant who wishes to appeal "depends entirely on the nature of the decision issued by the commission." *Id*. at 237, 602 N.E.2d at 1144. We find that, because the Industrial Commission's order involved the extent of disability and not the right to participate, the reviewing court did not have subject-matter jurisdiction, and the case was properly dismissed.

{¶ 14} Our opinion today does not change the reasoning of the courts of appeals in *Moore v. Trimble* and in *Jones v. Massillon Bd. of Edn*. The employers in *Moore* and *Jones* questioned the claimants' right to continue to participate in the fund, alleging fraud with regard to facts surrounding the respective claimants' *initial* claims. The employers challenged each claimant's right to participate and tried to terminate that right. Here, it is undisputed that Thomas's right to participate

had been established. NCR did not raise the issue of fraud or question Thomas's original claim. The substance of its motion involved the dog attack and its effect on Thomas's allowed conditions.

{¶ 15} If we accept NCR's narrow view of this issue, then an employer need only phrase a motion in terms of a request to terminate participation in the workers' compensation system in order to file an R.C. 4123.512 appeal if the request is denied. We must look to the issue before the Industrial Commission and the nature of its order, not how the motion was posited, to determine whether the order is appealable under R.C. 4123.512.

{¶ 16} We are not persuaded by NCR's equal protection argument. Both the employer and employee are equally situated. The party who does not prevail— at the time the workers' compensation claim is either granted or terminated—has the right to appeal per R.C. 4123.512. Logically, when the injured worker is granted the right to participate, the right to appeal would be exercised by the employer, since the employee prevailed. The right to appeal would be exercised by the injured worker when he or she is denied the right to participate. When the right to participate is terminated, then, logically, the employee would be exercising the right. Because both the employer and the employee have the right to appeal when they are negatively affected by the commission's ruling, both are equally situated.

{¶ 17} Consequently, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————