THE STATE EX REL. SHERRY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Sherry v. Indus. Comm.,* 108 Ohio St.3d 122, 2006-Ohio-249.]

(No. 2005–0100—Submitted October 11, 2005—Decided February 8, 2006.)

**Per Curiam.**

{¶ 1} A claimant may not work while receiving temporary total disability compensation. *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 632, 23 O.O.3d 518, 433 N.E.2d 586. Appellant, John Sherry, was receiving temporary total disability compensation. He was simultaneously involved in a home-repair business. Although Sherry was paid for the services performed, a staff hearing officer for appellee Industrial Commission of Ohio found that because there was no proof that Sherry's business earned a profit, Sherry was not "earning" and hence was not "working." Today, we consider whether that conclusion was a clear mistake of law sufficient to merit the commission's continuing jurisdiction to correct it.

{¶ 2} In 2001, Sherry held two jobs. One was as a warehouseman with Clark Products, Inc. ("Clark"). The other was in connection with his business, Affordable Home Repairs.

{¶ 3} On March 16, 2001, Sherry was injured at Clark, and a workers' compensation claim was allowed that generated temporary total disability compensation. In 2002, the Bureau of Workers' Compensation started an investiga-

tion after being informed that Sherry was continuing to do home repairs. Based on the results of its inquiry, the bureau moved the commission to (1) terminate temporary total disability compensation, (2) declare an overpayment of all temporary total disability compensation paid after June 23, 2001, and (3) make a declaration of fraud.

{¶ 4} A district hearing officer granted that motion on January 23, 2003, but a staff hearing officer reversed. The staff hearing officer found that Sherry did not engage in activities medically inconsistent with his claim that he could not return to his former position of employment. The staff hearing officer also found:

{¶ 5} "The Bureau of Workers' Compensation has also failed to prove that the claimant was paid for any work performed from 06/23/2001 through 12/01/2002. The claimant testified that he made no profit from any of the home repairs and that all payments from customers went to cover the cost of materials and payments to workmen. The staff hearing officer finds that the financial records on file fail to establish that the claimant had any earnings from home repairs completed during the period in question."

{¶ 6} The commission refused the bureau's appeal. The bureau moved for reconsideration of that decision, reasserting its belief that the staff hearing officer's analysis constituted a clear error of law. On June 16, 2003, the commission vacated the staff hearing officer's decision and issued an interlocutory order setting the matter for hearing to evaluate whether the staff hearing officer had made a mistake of law that would warrant the exercise of continuing jurisdiction over the underlying merit issue.

{¶ 7} On September 4, 2003, the commission, in a lengthy order, determined that the staff hearing officer had committed a clear error of law in equating a lack of business profit with a lack of payment for services. The commission, therefore, found sufficient justification for reopening the issue of entitlement to temporary total disability compensation. Upon review, the commission determined that Sherry had received temporary total disability compensation improperly and granted the bureau's motion in full.

{¶ 8} Sherry initiated a mandamus action in the Court of Appeals for Franklin County, challenging the order of the Industrial Commission and requesting findings that he was entitled to temporary total disability compensation for the applicable period. The court of appeals denied the writ after upholding the commission's exercise of continuing jurisdiction. This cause is now before this court on an appeal as of right.

{¶ 9} Continuing jurisdiction under R.C. 4123.52 is justified by the presence of specific criteria, one of which is a clear mistake of law. *State ex rel. B & C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 541, 605 N.E.2d 372.

The commission relied on this element, stating that the staff hearing officer's analysis regarding remuneration was legally flawed. Sherry accuses the commission of misreading the staff hearing officer's order and argues that the staff hearing officer's analysis comported with the directives of this court. We disagree.

{¶ 10} The staff hearing officer discussed both prongs of the bifurcated analysis required when extraneous activities potentially compromise eligibility for temporary total disability compensation: (1) whether the claimant was paid for the disputed activities and (2) if not, whether the activities were nevertheless medically inconsistent with the claimant's assertion that he could not return to his former job. *State ex rel. Ford Motor Co. v. Indus. Comm.*, 98 Ohio St.3d 20, 2002-Ohio-7038, 780 N.E.2d 1016, ¶ 19; *State ex rel. Parma Comm. Gen. Hosp. v. Jankowski*, 95 Ohio St.3d 340, 2002-Ohio-2336, 767 N.E.2d 1143, ¶ 7. In response to the first question, the staff hearing officer acknowledged that Sherry had received money for his services. The staff hearing officer nevertheless concluded that Sherry had not been paid, because his business allegedly returned no profit. This reasoning is legally unsound. That Sherry's home-repair business may not have been profitable does not eliminate the fact that Sherry received money for his labor, and under temporary total disability compensation law, he cannot be compensated for labor.

{¶ 11} The commission's exercise of continuing jurisdiction was, therefore, proper. The staff hearing officer committed a clear error of law in requiring a temporary total disability compensation recipient's enterprise to be profitable before the recipient's compensation could be terminated. Accordingly, the commission's September 4, 2003 order was not an abuse of discretion.

{¶ 12} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Heinzerling & Goodman, L.L.C., and Jonathan H. Goodman, for appellant.

Jim Petro, Attorney General, and William J. McDonald, Assistant Attorney General, for appellee Industrial Commission.