**[Cite as *Lane v. Bur. of Workers' Comp*, 2012-Ohio-209.]**

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| MICHAEL D. LANE | : | |
| | : | Appellate Case No. 24618 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2010-CV-01678 |
| v. | : | |
| | : | |
| BUREAU OF WORKERS' | : | (Civil Appeal from |
| COMPENSATION, et al. | : |  Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 20ᵗʰ day of January, 2012.

. . . . . . . . . . .

GARY D. PLUNKETT, Atty. Reg. #0046804, and BRETT R. BISSONNETTE, Atty. Reg. #0076527, 3077 Kettering Boulevard, Suite 210, Dayton, Ohio 45439
        Attorneys for Plaintiff-Appellant

COREY V. CROGNALE, Atty. Reg. #0017004, Schottenstein,  Zox & Dunn Co., L.P.A., 250 West Street, Columbus, Ohio 43215
and
DERRICK K. KNAPP, Atty. Reg. #0077649, Attorney General's Office, Workers' Compensation Section, 150 East Gay Street, 22ⁿᵈ Floor, Columbus, Ohio 43215-3130
        Attorneys for Defendant-Appellees

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant Michael Lane appeals from a judgment, following a bench

trial, in favor of defendant-appellee The Newark Group, Inc. The trial court also overruled Lane's motion for attorney fees. Lane contends that the trial court erred when it failed to grant summary judgment in his favor. Lane also contends that the trial court erred when it failed to grant a final judgment in his favor.

{¶ 2} We conclude that the trial court did not err in failing to grant summary judgment in favor of Lane, nor did the court err in failing to grant final judgment in Lane's favor. The issue of whether the Industrial Commission had continuing jurisdiction to modify or change prior findings was not properly before the trial court, because Lane did not file a mandamus action, which is the proper vehicle in which to address that issue. The only issue before the trial court was whether Lane is entitled to participate in the workers' compensation system, and Lane failed to present any evidence to support his claim. On appeal to the common pleas court, Lane relied only on Newark Group's prior certification of his claim, and failed to present any medical evidence or other credible evidence to support his contention that he was injured at work and that his soft-tissue strain was caused by the injury. Newarks's prior certification as a self-insured employer was no longer in effect after the commission assumed jurisdiction and concluded that Lane's alleged injury was not in the course of, and arising from, his employment. The trial court correctly concluded that Lane failed to meet his burden of proving that his injury was in the course of, and arising from, his employment.

{¶ 3} Accordingly, both assignments of error are overruled, and the judgment of the trial court is Affirmed.

I

{¶ 4} In January 2008, Michael Lane, employed by The Newark Group, Inc. as a commercial truck driver, was stopped by the police while driving, and refused to take a breathalyzer test. He was cited for OVI, and his commercial driver's license (CDL) was administratively suspended. When Lane informed his supervisor, Max Price, of the suspension, Price assigned Lane temporarily to work on the dock, rather than suspending or firing him.

{¶ 5} In February 2008, Lane's administrative license suspension was terminated, and Lane again began driving a truck for Newark. Lane then incurred another OVI charge on Saturday, April 26, 2008, after having had a few drinks at the Eagles' Lodge in Germantown, Ohio. After Lane left the lodge, his Maroon Suzuki went off the road. Lane again refused to take a breathalyzer test when the police arrived. He was charged once more with OVI, and his license was administratively suspended.

{¶ 6} During the April incident, Lane was handcuffed with his hands behind his back. The arrest report indicates that Lane complained of an injury to his left shoulder, and stated that his shoulder had "popped." Ultimately, Lane's CDL was suspended for two years, but he never disclosed that fact to Newark nor did he disclose the other events that occurred in connection with the Saturday night incident.

{¶ 7} Lane reported to work at Newark on the Monday after being cited for OVI. He did not report the incident to Price. Instead, Lane loaded his truck and went out to do his route. At about 10:30 or 11:00 a.m., Lane reported to Price that he had injured his shoulder while pushing a vegetable bin. Lane requested medical attention, and also stated that no one had seen the injury occur. Lane was instructed to report to the workplace center, Concentra,

in Dayton, Ohio, where he was diagnosed with a shoulder strain.

{¶ 8} Newark is a self-insured employer. Price notified the third-party administrator who handles Newark's workers' compensation claims, and sent the administrator the initial injury report and doctor's report for Lane. Price also discussed the claim with the administrator. Newark certified the claim as Claim No. 825338 for left shoulder strain on May 12, 2008, based on the available information, including the lack of witnesses and lack of knowledge about the incident that had occurred during the prior weekend. After the claim was certified, Lane received medical benefits and compensation under the claim, paid by Newark as a self-insuring employer.

{¶ 9} Price had arranged for Lane to do light-duty work, but there was a period of time when Lane disappeared. Around mid-May 2008, Lane told Price that he had personally injured himself and needed mid-back surgery. Lane was still on the company payroll as an employee.

{¶ 10} Price also indicated that he checks the motor vehicle records for employees annually. When Price performed a routine check, he learned that Lane had received another suspension for Driving Under the Influence. Price checked the dates and discovered that this had occurred the weekend before Lane's work incident. After notifying the third-party administrator and hiring an investigator, Newark became aware that Lane had been arrested for OVI and for resisting arrest the weekend before the alleged workplace injury. The reports for that arrest referred to a left-shoulder injury.

{¶ 11} Upon obtaining official statements from police officers, Newark filed a C-86 motion in October 2009, alleging that the Industrial Commission had jurisdiction under R.C.

4123.52 to "correct a potential fraud and/or mistake of fact" regarding the certification of the claim. Newark referred to the German Township Police records already on file and to addendum reports of Dr. Finneran, dated July 30, 2009, and of Dr. Hoffman, dated August 24, 2009.

{¶ 12} A hearing officer for the Industrial Commission heard Newark's motion on November 5, 2009. The officer concluded that he had jurisdiction under R.C. 4123.52, and noted that the motion was based on information discovered after the initial certification. The officer further concluded that the employer did not fail to use due diligence in investigating the claim, because a review of arrest records for one or more police departments is not a natural or expected prerequisite for certifying a claim. The officer concluded that discovery of arrest records constitutes "new and changed circumstances" allowing for the exercise of continued jurisdiction.

{¶ 13} The officer additionally held that there was insufficient evidence to vacate the entire allowance. Relying on medical records of Doctors Hoffman and Finneran, who discussed only a pre-existing degenerative condition, the officer concluded that while the arrest records clearly demonstrated a prior shoulder injury, there was no medical evidence that Lane did not sustain a new and distinct injury at work.

{¶ 14} Newark appealed from the decision. Subsequently, in December 2009, a staff hearing officer issued a decision agreeing that discovery of the arrest records constituted new and changed circumstances for jurisdictional purposes. The staff hearing officer held, however, that Lane did not have an injury in the course of, and arising out of, his employment. The staff hearing officer relied on the arrest records and affidavit of Gregory Bosley, which

clearly demonstrated that Lane injured his left shoulder prior to the date of the alleged work injury. The staff hearing officer also relied on further review of medical records by Doctors Hoffman and Finneran, who concluded that Lane did not have an injury in the course of and arising out of his employment.

{¶ 15} Lane appealed from the decision of the staff hearing officer, but the Industrial Commission refused his appeal. Lane then filed a notice of appeal and complaint with the Montgomery County Common Pleas Court. In the complaint, Lane described the issue as whether he "is entitled to participate * * * for an injury, which injury was on a direct basis, a cumulative trauma basis, an accelerated basis, a flow-through basis, or an aggravation of a pre-existing condition basis, in the course of his employment with defendant." Complaint, ¶11. Along with the complaint, Lane filed a partial list of six medical experts upon whom he intended to rely.

{¶ 16} In October 2010, Lane filed a motion for summary judgment, contending that the legal issue before the court was whether the Commission had jurisdiction to vacate the allowance of a claim where the claim had been conclusively certified by a self-insured employer. In January 2011, the trial court overruled the motion for summary judgment, concluding that it lacked jurisdiction to consider whether the Commission had continuing jurisdiction, and noting that mandamus would have been the appropriate remedy if the Commission had, indeed, lacked continuing jurisdiction to vacate the claim.

{¶ 17} In February 2011, the trial court held a hearing on the case. A transcript of the hearing has not been provided, but a CD-ROM audiovisual recording of the hearing has been included and has been reviewed. At the hearing, the parties waived a jury trial and made

opening statements. Lane declined to make an opening statement and did not call witnesses. Lane introduced some exhibits, including answers to a request for admissions, in which Newark admitted that Lane was an employee, that Newark was a self-insuring employer, and that Newark had certified the claim for a left-shoulder strain. Lane also introduced various documents pertaining to the certification of the claim with the Industrial Commission.

{¶ 18} The defense objected to admission of these items, contending that the certification had been vacated, and that the trial court was required to decide the appeal de novo and could not consider jurisdictional matters absent a mandamus petition. The court admitted the evidence for purposes of Lane's offer of proof. After the evidence was admitted, Lane moved for a "directed verdict," again contending that Newark's certification of the claim was conclusive. Newark moved for judgment as well, arguing that Lane failed to offer proof, and the court took both motions under consideration.

{¶ 19} Newark then presented testimony from Lane and Price, as related above. After the parties filed post-hearing memoranda, the trial court issued a decision rendering judgment in Newark's favor. The court concluded that Newark did not waive procedural defects by certifying the claim. In addition, the court held that Lane failed to meet his burden of proving that he was injured in the course of employment, because his injury was not one within the common knowledge of the average layman, nor did Lane present any evidence of injury. The court noted that Lane failed to present any credible evidence that his injury was in the course of, and arising from, his employment.

{¶ 20} Lane appeals from the judgment of the trial court.

II

{¶ 21} Lane presents two assignments of error and has combined his discussion of the assignments of error. Accordingly, we will consider the assignments of error together. Lane's First Assignment of Error is as follows:

{¶ 22} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO GRANT SUMMARY JUDGMENT AS A MATTER OF LAW IN FAVOR OF APPELLANT-PLAINTIFF, MICHAEL D. LANE."

{¶ 23} Lane's Second Assignment of Error is that:

{¶ 24} "THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT JUDGMENT AS A MATTER OF LAW IN FAVOR OF APPELLANT-PLAINTIFF-MICHAEL D. LANE."

{¶ 25} Under these assignments of error, Lane contends that a self-insured employer's certification of the right to participate in the workers' compensation fund is conclusive evidence of the right to participate. According to Lane, once Newark certified his claim, it waived its right to raise defenses against the claim and the Industrial Commission lacked jurisdiction to modify the certified claim. In response, Newark argues that a writ of mandamus is the proper vehicle for deciding the Industrial Commission's jurisdiction, and that the trial court was limited to a de novo review of Lane's eligibility to participate in the system.

{¶ 26} In *State ex rel. Baker Material Handling Corp. v. Indus. Comm.*, 69 Ohio St.3d 202, 1994-Ohio-437, the Supreme Court of Ohio considered whether self-employed insurers have the ability to correct clerical errors that are made in certifying claims or in the additional

allowance of claims. The court noted that qualifying employers are permitted to pay claims directly to injured employees and, thus, become self-insurers who pay no premiums to the State Insurance Fund. Id. at 205. Accordingly, self-insurers " 'are the initial processing agents of claims brought by their employees. The commission or bureau becomes involved only if the self-insurer denies a claim and the employee appeals.' " Id. (Citation omitted.)

{¶ 27} In *Baker*, the Supreme Court of Ohio noted that once an employer certifies a claim or an additional allowance on the claim, the finding is conclusive and cannot be modified " 'over the objection of the claimant, upon the assumption that the self-insured employer erroneously certified the condition.' " Id. at 206. (Citation omitted.) Subsequently, in *Lewis v. Trimble*, 79 Ohio St.3d 231, 1997-Ohio-393, the Supreme Court of Ohio stressed that this concept applies equally "whether the condition certified is characterized as an initial injury or as an additional or residual condition." Id. at 242.

{¶ 28} The Supreme Court observed in *Baker*, however, that under R.C. 4123.52, the Industrial Commission has the power to modify or change prior findings "upon a showing of (1) new and changed conditions subsequent to the initial order, (2) fraud, or (3) clerical error." 69 Ohio St,3d at 207. (Citation omitted.) The court further concluded that while R.C. 4123.52 refers only to the Commission and not to self-employed insurers, the latter group would also be able to secure modification or changes of prior awards upon a showing of new and changed conditions, fraud, or clerical error. Id.

{¶ 29} In later cases, the Supreme Court of Ohio added that "[t]he commission may exercise its continuing jurisdiction in cases of "(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal." *Benton*

*v. Hamilton Cty. Educational Serv. Ctr.*, 123 Ohio St.3d 347, 2009-Ohio-4969, ¶6, citing *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 1998-Ohio-616.

**{¶ 30}** Lane contends that under *Lewis*, Newark's certification is conclusive and the Commission lacked jurisdiction to modify or change the award. The trial court disagreed, holding that it could not consider the jurisdictional issue because Lane failed to file a mandamus action.

**{¶ 31}** We agree with the trial court. The Supreme Court of Ohio has indicated that the only issue that can be appealed in workers' compensation cases is the right to participate in the fund. In order to litigate whether fraud or mistakes have occurred in a manner sufficient to invoke the Commission's continuing jurisdiction, litigants must file mandamus actions. See, e.g., *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 86. In such situations, the trial court does not review the evidence de novo, but reviews the evidentiary record to see if "the commission's decision is legally sound." *State ex rel. Quest Diagnostics, Inc. v. Indus. Comm.,* Franklin App. No. 10AP–153, 2011-Ohio-78, ¶10.

**{¶ 32}** Accordingly, because Lane failed to file a mandamus action, the issue of whether the Commission properly assumed jurisdiction was not before the trial court.

**{¶ 33}** In the case before us, the Commission assumed jurisdiction on the basis of "new and changed circumstances," which is one of the permitted reasons for modifying or changing prior findings.[1] In this regard, R.C. 4123.52(A) states that:

**{¶ 34}** "The jurisdiction of the industrial commission and the authority of the

---

[1] We make no observation on whether that ground is correct, because the issue of the Commission's continuing jurisdiction to modify or vacate was not within the jurisdiction of the trial court.

administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." Again, the commission's decision, in a properly brought mandamus action, is reviewed to see if it is legally sound.

{¶ 35} An example of how the process generally works can be found in *State ex rel. Sherry v. Indus. Comm.*, 108 Ohio St.3d 122, 2006-Ohio-249. In that case, the claimant, Sherry, was awarded total temporary disability in March 2001. Id. at ¶3. Although the employer was not self-insured, the disability determination would have been as "conclusive" as Newark's certification of Lane's claim, since both actions allowed the award. Although the awards arrive through different procedural routes, there is no material difference once the award or certification has been made.

{¶ 36} In 2002, the Bureau of Workers' Compensation (BWC) conducted an investigation after receiving information that Sherry was operating a home-repair business. Based on the results of the investigation, the BWC asked the commission to make a declaration of fraud, terminate Sherry's temporary total disability compensation, and declare an overpayment of all compensation paid after late June 2001. Id. The commission ultimately ordered repayment to June 2001, after finding that Sherry had improperly received compensation. Id. at ¶7. While not relevant for purposes of the appeal before us, the Supreme Court of Ohio concluded that the Commission had continuing jurisdiction, and upheld the denial of Sherry's application for a writ of mandamus. Id. at ¶8-11.

{¶ 37} In the case before us, the Commission's staff hearing officer similarly held, after assuming jurisdiction, that Lane did not have an injury in the course of and arising out of

his employment. The hearing officer relied on the arrest records, which demonstrated a prior injury to Lane's left shoulder, and on further review by doctors, who concluded that Lane did not have an injury in the course of and arising out of his employment. When Lane appealed that decision to the trial court, the only issue before the court was whether Lane was entitled to participate in the workers' compensation system.

{¶ 38} As the Supreme Court of Ohio has noted:

{¶ 39} "A 'claim' in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease. A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's 'claim.' The only action by the commission that is appealable under R.C. 4123.519 is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." *Felty v. AT & T Technologies, Inc.*, 65 Ohio St.3d 234, 239, 1992-Ohio-60.[2]

{¶ 40} In Lane's case, the Industrial Commission could have decided that no grounds for modification or change existed. Under that scenario, Newark could have filed a mandamus action, contending that new and changed circumstances existed. *Benton,* 2009-Ohio-4969, at ¶9 and 11 (holding that the Commission's refusal to discontinue a claim does not involve the claimant's right to participate and the common pleas court lacks subject-matter jurisdiction over the matter. In such cases, the proper remedy is for the employer to file a mandamus action.)

---

[2]Former 4123.519 was amended and recodified as 4123.512 by 1993 H 107, effective October 20, 1993.

{¶ 41} Alternatively, once the Commission decided it had jurisdiction to modify or change the prior findings, it could have terminated Lane's right to participate (as it did) – in which case Lane would have had the right to appeal the question of participation. Or, the Commission could have allowed Lane to continue to participate – in which event Newark would have had the right to appeal. Id. at ¶16 (noting that "when a claimant's right to participate is granted, the claimant's employer has the right to appeal; and when the right to participate is terminated, the claimant has the right to appeal. 'Because both the employer and the employee have the right to appeal when they are negatively affected by the commission's ruling, both are equally situated.' ")

{¶ 42} The Supreme Court of Ohio has repeatedly stressed that "[s]uch appeals are limited to 'whether an employee is or is not entitled to be compensated for a particular claim.' " *Thomas v. Conrad*, 81 Ohio St.3d 475, 478, 1998-Ohio-330, quoting from *Felty*, 65 Ohio St.3d 234, 239. The appeal is heard de novo, and the claimant has the burden of proof, as well as the burden of going forward. *Youghiogheny & Ohio Coal Co. v. Mayfield* (1984), 11 Ohio St.3d 70, 71.

{¶ 43} Despite having this burden, Lane chose not to present any evidence in the trial court pertaining to his injury. Instead, he contended at trial that the conclusive nature of Newark's certification relieved him from having to present any proof. In this regard, Lane relied heavily on *Lewis*, supra, 79 Ohio St.3d 231, 1997-Ohio-393. According to Lane, the Supreme Court of Ohio held in *Lewis* that a self-insured employer waives its defenses to a claim once it certifies a workers' compensation claim.

{¶ 44} In *Lewis*, the claimant, Carles Lewis, was granted a workers' compensation

award for a recurrent hernia that arose in May 1987. Lewis filed an additional claim in February 1992 for psychological conditions related to his inability to work, relying on a 1990 report of a Dr. Arnold. The employer then had Lewis examined by Dr. Clary, who noted in his report that Lewis had seen Dr. Arnold in 1988 for Social Security disability (which he had applied for in October 1987), and had been anxious and depressed since he had been unable to work in 1987. In November 1992, the employer accepted the condition of permanent depression that was discussed in Dr. Clary's report. Id. at 231-32.

{¶ 45} The employer later contended that it had discovered Dr. Arnold's 1988 report after accepting the additional claim for depression. The employer, therefore, raised a defense in the administrative proceedings that Lewis's additional claim was barred by the statute of limitations. Id. After the depression condition was administratively allowed, the employer appealed to the common pleas court, which concluded that Lewis's claim for depression was barred by the statute of limitations in R.C. 4123.84. Id. at 232. The court of appeals affirmed, holding that the employer was not estopped from asserting the limitations defense even though it had acquiesced in the claim after expiration of the limitations period, because the limitations period invoked the Commission's subject-matter jurisdiction. Id.

{¶ 46} On further appeal, the Supreme Court of Ohio observed that: (1) the initial filing period in R.C. 4123.84 is intended as a notice requirement to enable employers to protect themselves; (2) R.C. 4123.84 has exceptions in the nature of waiver, which look to the employer's actions; and (3) the limitations period should begin within two years after the claimant knew or should have known of the seriousness of the residual or flow-through condition and its connection to his employment. Id. at 238-41. Because there were issues of

fact on the latter point, the court reversed the judgment of the court of appeals insofar as it bore on this issue. Id. at 242,

{¶ 47} The Supreme Court of Ohio next considered whether summary judgment should have been granted in Lewis's favor. Citing *Baker*, 69 Ohio St.3d 202, 1994- Ohio-437, the court first noted that a self-insurer's allowance of a condition, whether initial, residual, or additional, and whether by certification or indirectly, indicates that the claim has been conclusively granted. 79 Ohio St.3d at 242. The employer, however, relied on the argument that the limitations period in R.C. 4123.84 is jurisdictional, and contended that *Baker* should not apply where a self-insurer accepts a claim after it has become time-barred. In contrast, Lewis argued that the limitations bar is not jurisdictional and can be waived. Id.

{¶ 48} After discussing various interpretations and applications of the term "jurisdictional," the Supreme Court of Ohio concluded that waiver can apply to the defense of untimely notice or lateness in filing claims under R.C. 4123.84. Id. at 246. The court then concluded that because the Commission lacks jurisdiction to modify a self-insurer's certification over the objection of the claimant, the employer had waived the limitations defense when it accepted Lewis's residual psychiatric condition as part of the claim. Id. at 247. Accordingly, the court reversed the judgment of the court of appeals and reinstated the order of the Commission to the extent that it reflected what the employer had accepted when it certified Lewis's claim.

{¶ 49} Lane relies on the result in *Lewis*, as well as language about the conclusive nature of the certification, to argue that Newark waived any defenses when it certified the claim. We disagree with Lane, and conclude that *Lewis* does not apply.

{¶ 50} Modification of a prior certification finding was not at issue in *Lewis*. The court decided, instead, whether an employer could waive the limitations bar in R.C. 4123.84 by choosing to accept a claim after the limitations period has expired. Furthermore, Lane fails to consider the following comments in *Lewis*, where the court stated that:

{¶ 51} "The fact that the employer expresses surprise at having discovered Dr. Arnold's report subsequent to accepting the claim is irrelevant. There is no evidence in the record, and, indeed, no allegation made, that Dr. Arnold's report was fraudulently withheld. In fact, the employer chose to accept the residual condition based on Dr. Clary's September 25, 1992 report, which specifically stated that claimant 'saw a psychologist, Dr. Arnold in 1988 for Social Security disability' and that since 1987, when he became unable to work, 'he has felt anxious and depressed.' " Id. at 248.

{¶ 52} Fraud, along with changed circumstances, clerical error, and so on, are grounds that permit the Commission to assume jurisdiction under R.C. 4123.52 to modify a previously allowed finding. Had fraud been present in *Lewis*, the decision would have been different. The Supreme Court's comments, as well as the evidence, indicate that the employer was inattentive or disregarded known facts – and its conduct thus would not have satisfied any possible ground of modification or change. Accordingly, *Lewis* does not support Lane's position. If an employer's certification could never be set aside, there would be no need to specify grounds that could allow the Commission to modify a claim under R.C. 4123.52.

{¶ 53} Furthermore, if the Commission decides that modification or change in a finding is not warranted, and continues the employee's participation, the employer can appeal this decision to the common pleas court. When the employer appeals from a Commission

decision not to modify or vacate a finding of participation, even though the claimant typically has the burden of proving eligibility at the trial court level, the original certification would have been left intact by the Commission's decision to continue paying benefits. Thus, the employee suffers no prejudice, nor has the employer been permitted to make an "end run" around the conclusive effect of the proceedings before the Commission.

{¶ 54} Conversely, if the Commission concludes that the injury was not in the course of, and arising, from employment, and terminates benefits, there is no reason why the initial finding should retain conclusive effect. In that situation, as here, the employee would have the burden in the trial court of proving that he or she was injured in the course and scope of employment.

{¶ 55} Lane also argues that Newark "affirmatively withdrew and disclaimed any claim for fraud." Brief of Plaintiff-Appellant Michael D. Lane, p. 8. Again, we disagree. As a preliminary point, the issue of fraud is not pertinent, because Lane failed to file a mandamus action, which would have been the appropriate remedy for contesting the Commission's assumption of jurisdiction.

{¶ 56} We note that the trial court mentioned its reluctance to countenance Lane's deceit in failing to advise his employer of his prior injury. In concluding that Lane failed to present any credible evidence that he was injured as a result of his employment, the trial court indicated that it did not believe Lane. This was within the trial court's power. Lane had the burden of proving entitlement to participate in the fund, and this could not have been accomplished by relying on a certification finding that was no longer in effect. Instead of attempting to prove that he was entitled to participate, by presenting medical evidence and

personal testimony about the injury, Lane submitted no proof other than the employer's certification, which had no further force, due to the rulings of the Industrial Commission.

{¶ 57} It is true that Newark certified the claim, based on information from Lane, who was the sole witness to the alleged work-related injury. Until Newark's motion was filed with the Commission, the certification was conclusive. However, once the Commission found evidence justifying modification or change of the former findings, the Commission could consider other evidence bearing on the issue of whether Lane had sustained an injury in the course of, and arising out of, his employment. Based on the arrest evidence and the evidence of medical doctors, who found that the injury was not in the course of, and arising out of, employment, the Commission concluded that Lane was not entitled to participate in the workers' compensation system.

{¶ 58} The trial court rejected Lewis's appeal because he failed to meet the appropriate burden of proof. In particular, the court stressed that Lewis's injury, a back strain, is not one within the common knowledge of the average person. The court also stressed that Lewis did not present either any evidence of injury or any credible evidence that he was injured as a result of his employment.

{¶ 59} "In order to establish a right to workmen's compensation for harm or disability claimed to have resulted from an accidental injury, it is necessary for the claimant to show by a preponderance of the evidence, medical or otherwise, not only that his injury arose out of and in the course of his employment, but also that a direct or proximate causal relationship existed between his injury and his harm or disability." *White Motor Corp. v. Moore* (1976), 48 Ohio St.2d 156, paragraph one of the syllabus. (Citation omitted.)

{¶ 60} Furthermore, " '[e]xcept as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion.' " *Wright v. City of Columbus*, Franklin App. No. 05AP-432, 2006-Ohio-759, ¶6, quoting from *Darnell v. Eastman* (1970), 23 Ohio St.2d 13, syllabus. Soft-tissue injuries like neck and back strains and sprains require expert testimony to establish a causal connection, because they are injuries that are "internal and elusive, and are not sufficiently observable, understandable, and comprehensible by the trier of fact." 2006-Ohio-759 at ¶19. Accord *Krull v. Ryan*, Hamilton App. No. C-100019, 2010-Ohio-4422, ¶11-12. Consequently, the trial court did not err in concluding that Lane failed to meet his burden of proof.

{¶ 61} Accordingly, the trial court did not err in failing to grant summary judgment in Lane's favor, nor did it err when it failed to grant final judgment as a matter of law in favor of Lane.

{¶ 62} Both of Lane's assignments of error are overruled.


III

{¶ 63} Both of Lane's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and HALL, J., concur.

Copies mailed to:

Gary D. Plunkett
Brett R. Bissonnette
Corey V. Crognale
Derrick L. Knapp
Hon. Mary K. Huffman